◼ LUCILE CRAIG, Respondent, v. GEORGE CRAIG, Appellant.— In an action by a wife against her husband to recover moneys allegedly due to her for the support of their son, pursuant to a separation agreement, the husband, by permission of the Appellate Term of the Supreme Court, appeals from an order of said court, entered October 9, 1964, which affirmed an order of the County

Court, Orange County, entered March 10, 1964, affirming a judgment of the City Court of the City of Middletown, entered October 29, 1963, after a nonjury trial on stipulated facts, in the wife's favor for $950, plus interest, costs and disbursements. Order affirmed, with costs. The agreement, entered into May 10, 1962, provided *inter alia*, that the husband was to pay the wife $25 per week for the support of each child "until each child reaches the age of majority, at which time support for a child reaching his or her majority shall cease". The parties' son enlisted in the United States Air Force on January 26, 1963, at which time he was 19 years of age. The husband, contending that he was no longer obligated under the agreement, discontinued the payments for the support of the son. When the agreement was made in 1962, the son was almost 19 years old. The parties should have contemplated the possibility that a boy of that age would have to satisfy his military obligation by either enlisting or waiting for induction. Since the parties did not provide for the termination of support payments upon the happening of such event, the court may not rewrite the contract for them (*Nichols* v. *Nichols*, 306 N. Y. 490; *Stillman* v. *Stillman*, 20 A D 2d 723). We are also of the opinion that the enlistment of the minor son did not operate as his· emancipation so as to suspend the husband's obligation to make payments as provided by the agreement, nor as a failure of consideration (*Harwood* v. *Harwood*, 182 Misc. 130, affd. 268 App. Div. 974, mot. for lv. to app. den. 268 App. Div. 1038; *Wack* v. *Wack*, 74 N. Y. S. 2d 435; *Eisenberg* v. *Eisenberg*, 59 N. Y. S. 2d 534). Entrance of the boy into the military service did not break his ties with his family. It was stipulated that during the period when he was on leave he returned to his mother's home. His residence remained there even when he was temporarily away in the military service (cf. *Allstate Ins. Co.* v. *Jahrling*, 16 A D 2d 501, app. dsmd. 12 N Y 2d 943; *Appleton* v. *Merchants Mut. Ins. Co.*, 16 A D 2d 361). His mother was required to provide food and shelter when the boy was on leave. Any moneys received from the defendant on account of the boy's support, which are not actually expended by the plaintiff for that purpose, do not constitute a windfall to her. Such moneys constitute a trust fund which she must hold for the benefit of the boy (*Harwood* v. *Harwood, supra*; cf. *Rosenblatt* v. *Birnblatt*, 20 A D 2d 556). Beldock, P. J., Hill, Rabin and Benjamin, JJ., concur; Brennan, J., dissents and votes to reverse the order of the Appellate Term, the order of the County Court and the judgment of the City Court and to dismiss the complaint, with the following memorandum: Here the separation agreement required the husband to pay $25 per week for the support of each child until the child reached majority; apparently there was no provision for the support of the wife. The son enlisted in the military service of the United States. In my opinion, for the period that the son remained in the military service the father was not required to pay $25 a week to the mother for the son's support. Obviously, he was then being adequately supported by the Government, in addition to receiving regularly his military pay. He had no need for any additional support either while in the military service or during any temporary leave from military duty.