■ Milton G. Mitchell, Respondent, v Virginia Mitchell, Appellant. — Appeal by the defendant wife from an order of the Supreme Court, Dutchess County (Delaney, J.), entered July 15, 1980, which (1) denied her motion for a judgment for arrears and for a wage deduction order and (2) granted the plaintiff husband's cross motion to the extent of reducing support payments to the level of $1,000 per month, together with a credit for overpayments of $1,200 due to the unforeseen circumstance of the emancipation of the parties' daughter Ellen. Order reversed, on the law, with $50 costs and disbursements, motion granted, and cross motion denied. The case is remitted to Special Term for further proceedings consistent herewith. The parties were married in January, 1952. On July 29, 1978 they entered into a separation agreement which provides that the respondent would pay the appellant, in fulfillment of his obligation to support her and their children, the sum of $1,200 per month. The agreement provides that upon the emancipation of Nancy the amount would be reduced to $1,000, upon the emancipation of Carolyn the amount would be reduced to $900, and upon the emancipation of James (the parties' youngest child) the amount would be reduced to $500 as alimony for the wife. No mention is made of any reduction upon the emancipation of either Anne (the parties' eldest child) or Ellen. In August, 1979 Ellen enlisted in the Navy. Respondent continued to pay alimony and child support at the monthly rate of $1,200 until February, 1980, when he became aware of Ellen's enlistment. Respondent thereupon reduced his payments to his wife to $1,000 due to Ellen's enlistment. Respondent contends that the amount of support specified in the agreement should be reduced by virtue of the fact that Ellen was now emancipated. We find this contention to be without merit. When the terms of a written contract are clear and unambiguous the intent of the parties must be found therein. The courts will not imply a term which the parties themselves failed to insert (Nichols v Nichols, 306 NY 490). In the present action, the separation agreement provides that the respondent can reduce his support payments to the appellant only upon the emancipation of Nancy, Carolyn or James. Consequently, such emancipation is the only condition which would permit a reduction (see Stern v Stern, 41 AD2d 676; Craig v Craig, 24 AD2d 588). We have considered respondent's other contentions and find them to be without merit. Hopkins, J.P., Mangano, Gulotta and Margett, JJ., concur.