■ MARY J. IVES, Respondent, v CHARLES IVES, Appellant. — Appeal from an order of the Supreme Court at Special Term (Kepner, Jr., J.), entered February 9, 1983 in Otsego County, which denied defendant's motion for summary judgment. The parties were married in June, 1964, separated in November, 1978, and divorced in January, 1979. There are two children of the marriage. At the time of the separation, the parties were the owners by the entirety of certain real property. The separation agreement provided, *inter alia,* for occupancy of the house, its maintenance and sale. More specifically, it provided that the wife was to have sole possession of the house; that upon a sale of the house the proceeds of the sale would be divided equally between the parties; that until the property was sold, the husband was to assume all obligations and liabilities arising from the mortgage and taxes; that upon sale of the house, the husband was to receive a credit for all the mortgage payments and all maintenance expenses paid by him pursuant to the separation agreement; and that the wife was to pay all normal maintenance expenses, homeowner's insurance premiums and utility bills. On December 1, 1978, one month after the effective date of the separation agreement, the wife voluntarily left the residence and defendant began occupying it. After the commencement of a partition action by plaintiff wife in December, 1981, the property was sold to defendant husband subject to the mortgage of $13,796.58 for a bid of $11,000. Concededly, defendant made the mortgage payments required by the agreement. Defendant maintains that after deducting the sum of $7,600, the credit he is entitled to pursuant to the agreement for the mortgage payments he made, there is no balance owed plaintiff for her one-half share of the sale price. Defendant then moved for summary judgment seeking an adjustment of rents and profits in his favor pursuant to RPAPL 945. Special Term denied the motion, holding that the separation agreement did not contemplate defendant occupying the real property in question and, thus, a triable issue of fact existed with respect to the credits to be applied to the husband. This appeal ensued. We arrive at a contrary conclusion. Initially, we note that the parties did consider the possibility that the wife might not continue to occupy the premises. Paragraph 4 (e) of the agreement specifically states that "In the event that the wife elects not to take up or continue residence at the marital residence", the husband shall take possession and pay all normal maintenance expenses, homeowner's insurance premiums and costs of utilities. This he did. As a general rule, where the language of an agreement is clear and unambiguous, the intent of the parties must be deduced from the terms of the agreement (*Nichols v Nichols,* 306 NY 490). We are of the view that the terms of the agreement are clear and unambiguous and cover the eventualities involved in the instant litigation. In addition, the agreement provides that, as written, it is the complete understanding between the parties. To accept plaintiff's contention, we would in effect be adding a provision different from that agreed upon by the parties which a court should not do (*Mitchell v Mitchell,* 82 AD2d 849). Accordingly, there must be a reversal and summary judgment granted to defendant. Order reversed, on the law, without costs; motion granted and matter remitted to Special Term for entry of an order granting defendant the relief requested in his answer. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.