■ ROM TERMINALS, LTD., et al., Respondents-Appellants, v SCALLOP CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. DRAVO VAN HOUTEN, INC., et al., Third-Party Defendants-Appellants-Respondents.—Order of the Supreme Court, New York County (Jack Turret, J.), entered December 22, 1987, which denied defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for partial summary judgment against defendants, is unanimously modified, on the law, with costs,

defendants' motion for summary judgment granted, the complaint dismissed, and the order is otherwise affirmed.

Plaintiffs Rom Terminals, Ltd., Castle Astoria Terminals, Inc., and Castle Coal & Oil Co., Inc., interrelated business entities, contracted by agreement dated August 16, 1984, to purchase an oil-storage terminal located in Astoria, Queens, from defendants Scallop Corporation and Greater New York Terminal, Inc. During the contract negotiations it was discovered that there was a problem with the pier at the terminal involving a damaged cylindrical cell or "dolphin". The dolphins are the structures which rest on the river bed and support the pier. Anxious to close on the sale before the 1984-1985 heating season began, the parties came to an agreement on repairing the damaged dolphin prior to the closing date.

That agreement became paragraph 18 of the contract, which was named "Repair of Damaged Dolphin." It was agreed that the seller would enter into a separate repair contract with Spearin, Preston & Burrows, Inc., which contract was subject to the purchaser's approval. The clause stated that the dolphin was to "be repaired in a good, proper and workmanlike manner so that said damaged dolphin and the pier and bulkhead supported by the same shall be in good, safe and serviceable condition after the completion of such repairs." The clause further provided that the purchaser was to be kept apprised of the progress of the repairs and its engineers were to have complete access to the dolphin "to inspect and verify the repairs during the progress thereof." In the event the repairs were not completed by the closing date, the seller was to "remain liable for the completion of the repairs." The purchaser was obligated to cover the first $150,000 of cost relating to the repair, with the seller to pay the balance.

The repairs were completed prior to the closing of title, which occurred on October 4, 1984. Approximately seven months later, plaintiff discovered that the repaired dolphin had ruptured, allegedly requiring its removal and rebuilding. Assertedly, plaintiffs' experts concluded that the repair method employed by defendants was itself the cause of the post-closing-date failure of the dolphin.

Plaintiffs commenced the within action seeking damages for the cost of the repairs on the theories of breach of contract and breach of warranty. Defendants impleaded third-party defendants, Dravo Van Houten, Inc., and Spearin, Preston & Burrows, Inc., the engineering firm and contractor, respectively, which defendants had hired to effectuate the preclosing repair. By notice of motion dated November 16, 1987, defen-

dants moved for summary judgment dismissing the complaint, contending that the contractual provisions regarding the repair of the dolphin constituted only a condition precedent to the closing of title and that liability, therefore, on the part of defendants for repair of the dolphin did not survive the closing of title.

Plaintiffs cross-moved for summary judgment declaring that defendants' repair obligation under the contract constituted an express warranty of the quality of the repairs, which warranty survived the closing and the breach of which rendered defendants liable for damages. Although each movant claimed entitlement to summary judgment based on the language of the contract and agreed that resort to parol evidence was neither appropriate nor warranted, the court denied both motions, concluding that there were issues of fact to be determined as to whether the obligation to repair was a condition precedent to the closing or created an express warranty and whether the repair was, in fact, the cause of the subsequent failure of the dolphin.

The parties are correct in concluding that the issue to be resolved presents a matter of contract interpretation. Not only is resort to parol evidence unnecessary and inappropriate, but there is no claim being made that any extrinsic evidence exists which is crucial to the determination of the intention of the parties with respect to the issue of the surviving nature of defendants' liability for the repair. Accordingly, these cross motions for summary judgment presented strictly questions of law which the court should have resolved and which will be determined herein. *(See, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 171-172.)

Although not on the ground urged by defendants, that the provisions concerning the repair of the damaged dolphin established only a condition precedent to the closing of title, we conclude, nevertheless, that summary judgment should be granted to the defendants dismissing the complaint. A condition precedent, as defined in section 224 of the Restatement (Second) of Contracts, is "an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." The language of this contract clearly shows that repair of the dolphin was not to be a condition precedent to closing, since the repair clause provided for the seller's continuing obligation to complete the repairs in the event they were not completed before the closing of title. Also inconsistent with the repair obligation being a condition precedent is the fact that paragraph 18 is

not included or mentioned in the section of the contract setting forth the "conditions of closing."

Construing, then, as a promise the language in the repair clause that the "dolphin shall thereupon be repaired in a good, proper and workmanlike manner so that said damaged dolphin * * * shall be in good, safe and serviceable condition after the completion of such repairs", it is nevertheless clear from a reading of this contract that this promise did not create an express warranty of the quality of the repairs which survived the closing of title.

The premises were sold in an "as is" condition, and the contract provided that as a condition of closing the purchaser "shall be satisfied in its absolute discretion and exclusive discretion after purchaser's inspections * * * that the premises are in a state and condition satisfactory in all respects to purchaser." As noted above, the contract also gave the plaintiff the right to approve the dolphin repair contract and inspect the repairs, which rights plaintiffs did exercise. Given the "as is" language, plaintiffs' contractually authorized participation in the approval and inspection of the repairs, as well as inspection of the premises, and the failure of plaintiffs' attorneys, who prepared the contract, and against whom ambiguities should be resolved *(Lo Biondo v D'Auria,* 45 AD2d 735, 737), to have included express language providing that the seller warranted the method of repairs, we conclude that it was not within the intent of the parties in drafting this contract to obligate defendants to guarantee the suitability of the method of repairs. *(See, Young v Keith,* 112 AD2d 625, 626 [plaintiffs having inspected the premises and purchased the property in an "as is" condition, and defendants having made no express or implied warranties, action for breach of implied warranty of fitness could not be maintained].)

Defendants sellers promised merely to undertake the repairs so that the dolphin would be in a "good, safe and serviceable condition" when those repairs were completed, but not for some indefinite time into the future. The dolphin was in a serviceable condition at the completion of the repairs and at the time of closing. Under this contract, then, it appears that the risk that the repairs would not last long into the future was a risk to be borne by the plaintiffs.

Accordingly, plaintiffs' complaint should be dismissed. Concur—Ross, J. P., Carro, Asch and Milonas, JJ.