■ EDWARD ZARR et al., Respondents, v DENNIS RICCIO et al., Defendants, and EVELYN TOBIAS et al., Appellants.—In an action, *inter alia,* for specific performance of an option to purchase real property, the defendants Evelyn Tobias and Frank D. Dominico, individually and doing business as S.I. Homes Co. and S.I. Homes Corp., appeal from an order of the Supreme Court, Richmond County (Leone, J.), dated May 22, 1990, which denied their motion (1) for summary judgment dismissing the complaint, and (2) to compel the plaintiffs to produce their Federal and New York State tax returns.

Ordered that the order is affirmed, with costs.

In 1978, the plaintiffs and the defendant S.I. Homes Corp. (hereinafter Homes) entered into a 10-year lease for a two-family home in Staten Island. The lease gave the plaintiffs an option to purchase the property provided they were not in default of the lease. When the plaintiffs notified Homes of their intention to exercise their option to purchase the property, Homes refused to sell the property. Thereafter, the plaintiffs brought this action for specific performance. The appellants moved for summary judgment, contending that the plaintiffs were in default of the lease, and therefore not entitled to exercise the option to purchase. The court denied the motion, and this appeal ensued.

We affirm. It is well settled that the party moving for summary judgment must make a prime facie showing that it is entitled to judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557). In the instant case, the appellants' proof failed in this respect. As the court properly concluded, the appellants' affidavits presented issues of credibility, which are not to be resolved by the court on a summary judgment motion *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262).

The court also properly denied the appellants' request for production of the plaintiffs' tax returns. "The discovery of tax returns requires a special showing of need" *(BRC Elec. Corp. v Cripps,* 67 AD2d 899, 900-901). Here, the plaintiffs' tax returns are not highly pertinent to the issues in the litigation *(see,* 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.10a). Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.