■ KENT G. LUI et al., Respondents, v PARK RIDGE AT TERRYVILLE ASSOCIATION, INC., et al., Appellants, et al., Defendant. (And a Third-Party Title.) [601 NYS2d 496] —In an action to recover damages for breach of contract, the defendants Park Ridge at Terryville Association, Inc., and Park Ridge Organization appeal from so much of an order of the Supreme Court, Richmond County (Cusick, J.), entered December 6, 1990, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiffs entered into a contract for the construction and purchase of a new home which was to be built by the defendants Park Ridge at Terryville Association, Inc., and Park Ridge Organization (hereinafter the defendant builders) and made a down payment of $25,200 toward the purchase price of the house. Approximately six months later, the plaintiffs notified the defendant builders that they had chosen to cancel the contract due to the fact that a "sewer hookup" would not be immediately available. Subsequently, the plaintiffs commenced the instant action to recover their down payment, claiming, in essence, that the contract was conditioned upon connection of the house to the county sewer system. After the joinder of issue, the plaintiffs and the defendant builders moved for summary judgment. Both motions were denied, and this appeal by the defendant builders followed.

It is well established that on a motion for summary judgment, the court's role is limited to one of issue-finding and not issue-determination (see, Rotuba Extruders v Ceppos, 46 NY2d 223; Zarr v Riccio, 180 AD2d 734; Heller v Trustees of Town of E. Hampton, 166 AD2d 554). Although the papers should be scrutinized carefully in the light most favorable to the opposing party (see, Robinson v Strong Mem. Hosp., 98 AD2d 976) and the court should not determine issues of credibility (see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341), "only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" (Rotuba Extruders v Ceppos, supra, at 231).

Contrary to the determination of the Supreme Court, we find that the record fails to reveal the existence of any triable issues of fact with respect to the interpretation of the parties' contract of sale which would defeat the defendant builders' motion for summary judgment in their favor. It is settled that the responsibility to interpret a contract falls upon the court, "which must ascertain the intention of the parties from the language which they have employed" (Carvel Corp. v Rait, 117 AD2d 485, 487; see also, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291). The "[i]nterpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" (Teitelbaum Holdings v Gold, 48 NY2d 51, 56; see, Chimart Assocs. v Paul, 66 NY2d 570, 572-573). Thus, where the parties have set forth their agreement in a clear

and complete document, their written agreement should be enforced according to its terms (see, *W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). A court should not, under the guise of contract interpretation, "imply a term which the parties themselves failed to insert" or otherwise rewrite the contract (*Mitchell v Mitchell,* 82 AD2d 849; see, *Ives v Ives,* 96 AD2d 643; see also, *Brands v Urban,* 182 AD2d 287).

Here, paragraph (1) (a) of the contract of sale provided, in relevant part, that the purchasers agreed to accept the premises "subject to * * * (ii) building restrictions and regulations of all municipal authorities in effect at the date of closing * * * (iv) sewer, water, gas, drainage, electric, cable TV and telephone easements, if any * * * [and that] it is a condition hereof that none of the above will prohibit the erection, use and maintenance of the dwelling". The contract also provided, in relevant part, as follows:

"4. In the event that any municipal agency having jurisdiction over the premises imposes construction requirements different or in addition to those required at the date of this contract, Purchaser hereby authorizes Seller to comply with such requirements and Purchaser agrees to pay the additional reasonable charge, if any, for same at the time of closing * * *

"19. (a) The parties shall apportion at closing, taxes, fuel oil, water and sewer charges (if any). The Purchaser shall make such escrow deposits for taxes, insurance premiums, etc. as required by the lending institution at closing * * *

"29. If any minor item in the dwelling or if the environs thereof are not fully completed at closing, Purchaser shall nevertheless close title, provided that a Certificate of Occupancy is issued and Seller agrees in writing to complete such items and the environs (weather permitting) within 30 days after closing. Purchaser will do an inspection 'walk-through' of the premises with Seller's representative no sooner than 48 hours prior to closing of title. Premises will be delivered free of debris and broom swept".

Finally, paragraph 37 (b) of the contract of sale provided that: "In no event will title close prior to June 15, 1988 *[sic]*, as the premises will ultimately be connected to the sewer system of Suffolk County Sewer District No. 11—Selden and certain construction work designed to enhance the capacity of the District's sewer system to facilitate such connection may not be completed before that date".

It is clear from the forgoing provisions that while the

contract of sale makes references to sewer easements, sewer charges, etc., there is nothing in the language of the contract which would indicate that connection to the sewer system was a condition precedent to the contract *(see, Rom Terms. v Scallop Corp.,* 141 AD2d 358). Indeed, the contractual provisions, particularly paragraph 37 (b), show that the parties clearly contemplated the possibility that the sewer hookup might not be completed prior to the date scheduled for closing. However, there is no provision which indicates that the parties intended to allow the plaintiffs to rescind the contract in the event the sewer hookup could not be made immediately. The general rule is that it must clearly appear from the contract itself that the parties intended a provision to operate as a condition precedent *(see,* 22 NY Jur 2d, Contracts, § 234) and that where there is ambiguity in a contractual term, the law does not favor a construction which creates a condition precedent *(see, Manning v Michaels,* 149 AD2d 897). If the plaintiffs had intended to make the contract contingent upon the sewer hookup, then they should have expressly provided for such. Thus, the defendant builders' inability to immediately connect the premises with the public sewer system did not constitute a breach of the contract.

Furthermore, it is clear from the record that the defendant builders had fully complied with their obligations under the contract up until the time that the plaintiffs attempted to rescind it. Therefore, the plaintiffs had no basis for refusing to proceed with the contract *(see, Pilgrim Homes & Garages v Fiore,* 75 AD2d 846; 22 NY Jur 2d, Contracts, § 319). Balletta, J. P., Eiber and Ritter, JJ., concur.

Santucci, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: In my opinion there are triable issues of fact which prevent the defendants from obtaining summary judgment. The language of the contract does not resolve such issues as whether the agreement initially provided for the contingency of a temporary cesspool system, or whether such a system represented a material deviation which the plaintiffs were required to approve in writing. "When the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment" *(Leon v Lukash,* 121 AD2d 693, 694; *see also, Graepel v County of Nassau,* 119 AD2d 800).

Moreover, it is axiomatic that on a motion for summary judgment the court's role is limited to one of issue-finding and not issue-determination, and even the color of a triable issue

of fact forecloses the remedy *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223; *Matter of Benincasa v Garrubbo,* 141 AD2d 636). Contrary to the opinion expressed by the majority, I find that the defendants' failure to provide a sewer connection raises triable issues of fact with respect to whether or not the plaintiffs were entitled to rescind the contract. "If material facts are in dispute or if different inferences may reasonably be drawn from facts themselves undisputed, a motion for summary judgment must be denied" *(Supan v Michelfeld,* 97 AD2d 755, 756). Accordingly, I would affirm the order of the trial court and deny the defendant builders' motion for summary judgment.