■ CHARLES R. WILLIS et al., Appellants, v MARY RONAN, as Executrix of DANIEL E. RONAN, Deceased, Respondent. [631 NYS2d 50] —In an action to compel specific performance of a shareholders' agreement providing for the sale of shares of a closely held corporation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated May 4, 1994, as denied their motion for summary judgment and granted those branches of the defendant's cross motion which were for summary judgment dismissing the complaint and for leave to serve an amended answer containing a counterclaim for an accounting.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Charles R. Willis and defendant's decedent Daniel E. Ronan were the sole shareholders in the plaintiff Park Inn Ford, Inc. (hereinafter Park Inn), a car dealership. Their shareholders' agreement provided, *inter alia,* that upon Ronan's death, Willis had the right to purchase his interest "at the net worth value as determined by certified audit". After Ronan died on March 15, 1992, Willis sent a letter dated July 28, 1992, to the defendant Mary Ronan, Ronan's widow and executrix of his estate, which purported to exercise his option to purchase the estate's interest in Park Inn. Willis offered to purchase Ronan's estate's interest in Park Inn based on "a special statement of the Park Inn operating companies financial position", prepared by Park Inn's accountants. Mary Ronan rejected this offer as not in compliance with the shareholders' agreement.

Thereafter, Willis brought this action for specific performance of his option to purchase Ronan's estate's interest in Park Inn pursuant to the shareholders' agreement. After Willis' subsequent motion and the estate of Ronan's cross motion for summary judgment, the court granted the cross motion and dismissed the complaint because of Willis' failure to establish the existence of a certified audit of Park Inn, stating that obtaining a certified audit was a prerequisite to a purchase of the estate's interest.

We agree with Willis that his obtaining a certified audit of Park Inn was not a condition precedent to his exercise of his option. "The general rule is that it must clearly appear from the contract itself that the parties intended a provision to operate as a condition precedent * * * and that where there is ambiguity in a contractual term, the law does not favor a construction which creates a condition precedent" *(Lui v Park Ridge at Terryville Assn.,* 196 AD2d 579, 582).

We also conclude, however, that Willis failed to unconditionally exercise his option to purchase by virtue of his letter dated July 28, 1992. "It is a fundamental principle of contract law that a valid acceptance must comply with the terms of the offer * * * and, if qualified with conditions it is equivalent to a rejection and counteroffer" *(Roer v Cross County Med. Ctr. Corp.,* 83 AD2d 861). Although Willis indicated that he wanted to purchase Ronan's interest in Park Inn, his purported exercise of the option was based on a different method of determining the net worth value of the estate's interest than the method specified in the agreement. Thus, he failed to give

notice of his intent to exercise the option in accordance with the agreement *(see, Duane Sales v Carmel,* 49 NY2d 862). While this did not waive his right to exercise the option *(see, Silverstein v United Cerebral Palsy Assn.,* 17 AD2d 160, 162), at no time did Willis indicate that he would exercise the option in accordance with the shareholders' agreement. In fact, Willis later insisted that his offer was made in compliance with the shareholders' agreement, but again failed to mention a certified audit. Since Willis never properly exercised his option to purchase, his complaint was properly dismissed.

We find no merit to the plaintiffs' remaining contentions. Rosenblatt, J. P., Altman, Hart and Friedmann, JJ., concur.