■ IN-SOOK CHANG, Respondent, v DONG CHOI, Appellant and Third-Party Plaintiff-Appellant, et al., Defendant and Third-Party Plaintiff. DAMOA INTERNATIONAL, INC., et al., Third-Party Defendants-Respondents. [668 NYS2d 615] —Judgment, Supreme Court, New York County (Lorraine Miller, J., and a jury), entered June 6, 1996, which, *inter alia*, awarded plaintiff $231,810, unanimously affirmed, with costs.

Defendant's contention that the trial court erroneously charged the jury that defendant's obligation to repay plaintiff was independent of the July 16, 1991 contract between the parties has not been preserved for appellate review, and in any event, is without merit. The charge apprised the jury of the correct rule of law to apply in their determination of the respective rights of the parties and properly placed the burden of proof on defendant to establish the conditional nature of the promises between the parties, if any.

The jury's verdict was not against the weight of the evidence. There was ample evidence upon which the jury could reasonably conclude that defendant-appellant was unjustified in refusing to repay the $100,000 loan and that he, and not plaintiff was in breach of the July 16, 1991 agreement. Notably, neither the language of the agreement nor of the promissory note expresses an intention to make performance of the agreement a condition precedent to repayment of the note (*see, Lui v Park Ridge at Terryville Assn.*, 196 AD2d 579). In this posture, the fact that the agreement and the promissory note were part of the same transaction is not sufficient to compel the finding of condition precedent urged by defendant.

Defendant's argument that the conduct of the trial court deprived him of a fair trial is not supported by the record. Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.