■ HARZA NORTHEAST, INC., et al., Respondents, v LEHRER MCGOVERN BOVIS, INC., Appellant. [680 NYS2d 379] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's cross motion for summary judgment dismissing the complaint. Plaintiffs commenced this action to recover fees allegedly due from defendant for architectural work performed in connection with the renovation of the NYNEX ACC Megacenter in Syracuse. The NYNEX Corporation (NYNEX) retained defendant to provide the design and construction services for the project, and defendant subcontracted the architectural work to plaintiffs. Pursuant to the parties' agreement, plaintiffs' fee was a percentage of the "cost of construction". That term, however, was not defined in any writing between the parties. Plaintiffs contend that the

term means the total cost to NYNEX of all elements of the project, including the fees paid by NYNEX to defendant. Defendant contends that the term means its reimbursable costs under its contract with NYNEX, which does not include its fees.

In support of its cross motion, defendant presented proof of its contractual relationship with NYNEX, arguing that "it went without saying" that plaintiffs' fee would be calculated in the same manner as defendant's fees. The NYNEX contract, however, was a separate agreement that was not incorporated into the parties' agreement. Nor did defendant offer any proof that plaintiffs were aware of the terms of the NYNEX contract. Defendant drafted the parties' agreement and its terms must be construed against it (*see, Jacobson v Sassower*, 66 NY2d 991, 993).

Defendant also presented proof that documentation of its reimbursable costs was used by plaintiffs periodically for two years without objection to invoice their fee. In determining the meaning of an indefinite or ambiguous term in a contract, the construction placed upon the term by the parties themselves as established by their conduct may be examined to determine the term's true meaning (*see, City of New York v New York City Ry. Co.*, 193 NY 543, 548-549; *Matter of Robinson v Robinson*, 81 AD2d 1028, 1029; 22 NY Jur 2d, Contracts, § 220). Plaintiffs' billing practice, however, is equivocal conduct because plaintiffs' contract with defendant called for a final accounting of actual costs, which plaintiffs aver they never received and which they contend should include defendant's fees.

Plaintiffs presented proof that the term "cost of construction" is a term of art that has an accepted meaning among architects and the American Institute of Architects (AIA) consistent with their understanding of the term when they negotiated their contract with defendant. Defendant's argument that this was not an AIA contract and that the AIA form contract has no application is without merit. If, as plaintiffs aver, the term "cost of construction" has an accepted meaning among architects and defendant wished to deviate from that meaning because of the nature of its contractual relationship with NYNEX, it was incumbent upon defendant when it drafted its agreement with plaintiffs to make that clear.

Because the determination of the parties' intent "depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence", an issue of fact is presented and summary judgment is not appropriate

(*Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880). (Appeal from Order of Supreme Court, Oneida County, Murad, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.