■ DITZELL CONSTRUCTION COMPANY, INC., Respondent-Appellant, v SPOLETA CONSTRUCTION AND DEVELOPMENT CORP., Appellant-Respondent. [701 NYS2d 229] —Judgment unanimously reversed on the law without costs and new trial granted on amount of additional compensation only in accordance with the following Memorandum: Supreme Court properly concluded that plaintiff was entitled to additional compensation resulting from subsurface conditions it encountered during its performance of the subcontract. Under the section entitled "Exclusions" the subcontract provided, "See attached proposal". The attached proposal, which was plaintiff's bid, contained two specific exclusions and then provided, under a section entitled "Comments", that "[t]est borings have not been supplied to anticipate actual subsurface conditions. Pricing is based only on information supplied". We agree with the court that the comments were incorporated as exclusions in the subcontract. To the extent that the subcontract is ambiguous, it must be construed against defendant, the party that drafted it (*see*, *Diodato v Eastchester Dev. Corp.*, 111 AD2d 303, 304-305).

The court also properly concluded that plaintiff was not entitled to additional compensation on the ground that a building had been constructed close to the excavation site, making plaintiff's work more difficult. Although the building had not been constructed when plaintiff submitted its bid, it was constructed by the time plaintiff executed the subcontract, and

defendant submitted evidence that plaintiff knew that the building had been constructed before executing the subcontract. Because the subcontract contains no exclusion for the building, the court properly concluded that plaintiff was not entitled to additional compensation based on the building.

The court erred, however, in concluding that plaintiff was entitled to $30,000 in additional compensation. That amount represents the amount of additional compensation received by defendant, the general contractor, from the owner of the building for extra work related to the excavation of the sewers. The record fails to establish that the $30,000 represents the amount expended by plaintiff to complete the contract in light of the subsurface conditions encountered by it. Consequently, we reverse the judgment and grant a new trial on the amount of additional compensation only that is due to plaintiff under the contract as a result of the subsurface conditions encountered by it. Finally, the amounts awarded to defendant on its counterclaims were proper, and defendant should be credited those amounts at the retrial. (Appeals from Judgment of Supreme Court, Seneca County, Bender, J.—Contract.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.