■ WILLIAM F. ROBERTS et al., Respondents-Appellants, v COBBLESTONE HOMES OF ROCHESTER, INC., et al., Defendants, and WILLIAM B. MORSE LUMBER COMPANY et al., Appellants-Respondents. (Appeal No. 1.) [737 NYS2d 576] —Appeal and cross appeal from an order of Supreme Court, Monroe County (Siracuse, J.), entered September 14, 2000, which, inter alia, granted plaintiffs' motion for summary judgment.

and WILLIAM B. MORSE LUMBER COMPANY et al., Appellants-Respondents. (Appeal No. 2.) [737 NYS2d 455] —Appeal and cross appeal from a judgment of Supreme Court, Monroe County (Siracuse, J.), entered October 11, 2000, which, inter alia, ordered a public sale of the subject premises.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by deleting therefrom the provision that plaintiff William F. Roberts is liable to defendants William B. Morse Lumber Company, Wm B Morse Lumber Co., doing business as Wm B Morse and Sons, Morse Sash and Door, and Otis Lumber for a single payment of $60,000 and by deleting that part of the order that was incorporated by reference and that provided that plaintiff William F. Roberts is liable to defendants William B. Morse Lumber Company, Wm B Morse Lumber Co., doing business as Wm B Morse and Sons, Morse Sash and Door, and Otis Lumber for the single sum of $60,000 and as modified the judgment is affirmed without costs.

Memorandum: In these 11 mortgage foreclosure actions consolidated for purposes of appeal, defendants William B. Morse Lumber Company, Wm B Morse Lumber Co., doing business as Wm B Morse and Sons, Morse Sash and Door, and Otis Lumber (collectively Morse) appeal, and plaintiffs cross-appeal, from judgments granting foreclosure and sale and incorporating by reference those parts of the orders providing that plaintiff William F. Roberts, the mortgagee, pay Morse the first $60,000 received in foreclosure sale proceeds.

We agree with Supreme Court that, as a matter of law, plaintiffs neither violated Lien Law § 22 nor improperly diverted loan proceeds. The court erred, however, in concluding that Roberts assigned to Morse $60,000 in mortgage foreclosure sale proceeds by an instrument signed January 21, 2000. By that instrument, entitled "ASSIGNMENT OF PROCEEDS AND SECURITY AGREEMENT," the mortgagor under the subject mortgages purport to assign to Morse "the first Sixty Thousand Dollars ($60,000.00) in net proceeds from the sale, payment, completion or any other sums of money due [the mortgagor] from [the mortgaged properties]." The instrument further provides: "Roberts assigns to Morse the sale or loans proceeds from any and all draws and any other sums of money due up to Sixty Thousand Dollars ($60,000.00) by [the mortgagor] from Roberts under the terms and conditions of * * * certain Mortgage Loans or Building Loan Mortgages executed by [the mortgagor] in favor of Roberts covering [the mortgaged properties]." The court erred in determining that the foregoing

language was sufficient to effect an assignment by Roberts to Morse of $60,000 of the proceeds that he might receive upon a future mortgage foreclosure sale. There is no question that the instrument is ambiguous, and thus it must be construed against Morse, its drafter (*see, Ditzell Constr. Co. v Spoleta Constr. & Dev. Corp.*, 267 AD2d 1099; *Harza Northeast v Lehrer McGovern Bovis*, 255 AD2d 935, 936). Further, the court impermissibly rewrote the instrument in construing the assignment of part of the "proceeds from any and all draws and any other sums of money due * * * by [the mortgagor] from Roberts" to mean proceeds of a future mortgage foreclosure sale. The "proceeds" of a mortgage loan are the funds borrowed, not those that are repaid. We therefore conclude that the purported assignment by Roberts amounts only to his agreement to honor the assignment and security interest created in favor of Morse by the mortgagor in the remainder of the instrument. We therefore modify the judgments in appeal Nos. 2, 4, 6, 8, 10, 12, 14, 16, and 18 by deleting therefrom the provision that Roberts is liable to Morse for a single payment of $60,000 and by deleting from all of the judgments those parts of the orders that were incorporated by reference and that provided that Roberts is liable to Morse for the single sum of $60,000. Present—Wisner, J.P., Hurlbutt, Kehoe and Burns, JJ.