■ M&M REAL ESTATE, LLC, Appellant, v 895 BROADWAY LLC, Respondent. [756 NYS2d 168] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 11, 2002, which, to the extent appealed from, in this action over the scope of defendant's obligations under an express easement for the shared use of a fire sprinkler system, denied plaintiff's motion for summary judgment, in part, and granted defendant's cross motion for summary judgment dismissing the complaint, in part, finding that defendant had no duty to contribute to the cost of repairing a heated shed that housed both the water tanks that serviced the system and plaintiff's domestic water tank for its building, unanimously affirmed, without costs.

As plaintiff argues, the easement's drafters must have foreseen that New York City would experience freezing winter temperatures which, in the absence of heating equipment, would prevent the sprinkler system's water tanks from functioning. Nonetheless, the unambiguous language of the easement links defendant's repair obligation only to the sprinkler system's "tank, motor, pump and equipment." This being the case, the motion court correctly declined to expand defendant's obligation to encompass repairs to the heated shed, which was not devoted exclusively to the sprinkler system and for which no express provision was made in the easement (*see Mitchell v Mitchell*, 82 AD2d 849).

We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Rosenberger, Ellerin and Gonzalez, JJ.