American Express Travel Related Servs. Co., Inc. v Seidenfeld (2003 NY Slip Op 51561(U))

[*1]

American Express Travel Related Servs. Co., Inc. v Seidenfeld

2003 NY Slip Op 51561(U)

Decided on December 8, 2003

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 8, 2003

Supreme Court, Kings County
 AMERICAN EXPRESS TRAVEL 
 RELATED SERVICES COMPANY, INC. Plaintiff, 
against
ROCHELLE SEIDENFELD and SHAYA SEIDENFELD Defendants.
Index # 31732/02

FRANCOIS A. RIVERA, J.
Upon the foregoing papers, plaintiff American Express Travel Related Services Company, Inc., moves for an order pursuant to CPLR §3212 granting summary judgment against both defendants, Rochelle Seidenfeld and Shaya Seidenfeld on its claims of breach of contract and unjust enrichment and moves for summary judgment on its claim of account stated as against defendant Rochelle Seidenfeld. Defendants do not oppose plaintiff's motion on the breach of contract claim against Rochelle Seidenfeld but oppose all other motions. Both defendants cross move for summary judgment in their favor on plaintiff's claims of unjust enrichment and defendant Shaya Seidenfeld cross moves for summary judgment in his favor on plaintiff's claim of breach of contract against him.
Plaintiff is a corporation authorized to do business in New York State. Sometime prior to January 20, 2002, Rochelle Seidenfeld entered into an agreement with the plaintiff to obtain a credit card. Plaintiff provided a credit card to Rochelle Seidenfeld along with the written agreement governing the terms of its use. Pursuant to that agreement and at the request of Rochelle Seidenfeld, plaintiff issued an additional card to Shaya Seidenfeld. According to the terms of the agreement, Rochelle was the primary card holder of an American Express Personal Card and Shaya was an authorized additional card holder. Both Rochelle and Shaya were able to charge items to Rochelle's account with the plaintiff under account number 3739-598926-01002. Rochelle Seidenfeld was responsible for payment of all charges made by herself as the primary cardholder or by Shaya as the additional cardholder.
Plaintiff sent Rochelle Seidenfeld an account statement with a closing date of January 20, 2002, stating that Shaya Seidenfeld incurred charges totaling $2199.64. The following month, plaintiff sent Rochelle an account statement with a closing date of March 21, 2002, reflecting payment of the $2199.64 and new charges by Shaya totaling $126,107.17. The following month, plaintiff sent Rochelle an account statement with a closing date of April 20, 2002, indicating no new charges and no payment of the previous balance of $126,107.17. Plaintiff added a delinquency charges of $3,770.60 on its May 2002 statement and another $3,770.60 on its June 2002 statement to defendant Rochelle Seidenfeld. As of the date of this decision, the total balance of $133,648.37 remains unpaid.
 Plaintiff alleges that both defendants agreed to the terms and conditions set forth in "Agreement Between Personal Card Member and American Express Travel Related Services Company, Inc." Plaintiff contends that the written agreement was sent to each defendant at the same time that they were given their respective credit cards and that by the act of using the card they accepted the terms of the agreement. Relying on the express terms of the agreement, plaintiff further contends that Rochelle Seidenfeld is liable for her own purchases and those made by Shaya Seidenfeld. And that in addition, plaintiff may also pursue payment from Shaya for all charges made by him. The language of the agreement does provide that payment is to be made immediately upon receipt of the billing statement; that late fees apply if payment is not timely made and that the card holder is to pay plaintiff's legal fees in the event plaintiff must seek court action for nonpayment.
Defendant Rochelle Seidenfeld does not oppose plaintiff's motion for summary judgment on the breach of contract claim but claims that the outstanding amount due is in dispute. Shaya Seidenfeld, on the other hand, disputes plaintiff's claim that he was given the aforementioned written agreement with the credit card. He claims that there is no contract between himself and the plaintiff and thus has no liability to plaintiff for any charges he made.
It is well settled that a party moving for summary judgment must make a prima facie showing that it is entitled to judgment as a matter of law ( Zarr v. Riccio, 180 A.D. 2d 734 [2nd Dept. 1992]). Once a showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action (Romano v. St. Vincent's Medical Center of Richmond, 178 A.D. 2d 467 [2nd Dept. 1991]).

Plaintiff has made a prima facie showing that it is entitled to judgment as a matter of law for the claim of breach of contract against the basic card holder, Rochelle Seidenfeld. Defendant does not oppose this relief. It is undisputed that plaintiff had a contract with the defendant, Rochelle Seidenfeld, and that payments under the account are delinquent.
Plaintiff has also met its initial burden of demonstrating its entitlement to judgment as a matter of law on its cause of action of account stated as to Rochelle Seidenfeld. The plaintiff has done this by establishing, with evidence in admissible form, the receipt and retention of bills by the defendant, without objection, within a reasonable time (Jovee Contracting Corp. v AIA Environmental Corp., 283 AD2d 398 [2nd Dept. 2001]). In opposition, the defendant failed to meet its burden of demonstrating the existence of a triable issue of fact (Zuckerman v City of New York, 49 NY2d 557 [1980]). Defendants allege that they telephoned plaintiff and orally disputed some of the charges. Plaintiff has attached its business records to support its contention that no such telephone communications occurred. It is undisputed that the defendants did not advise the plaintiff in writing of any dispute. Defendants have provided only conclusory allegations that the amount of the charges on the account are inaccurate. Mere conclusions or unsubstantiated allegations are insufficient to defeat a motion for summary judgment (Zuckerman v City of New York, supra. at 562; S.J. Capelin Assoc., Inc. v Globe Manufacturing Corp., 34 NY2d 338 [1974]). Defendants have failed to submit evidence, in admissible form, that a dispute regarding a charge or payment actually exists. The court, therefore, finds the defendant, Rochelle Seidenfeld, liable for the account stated in the amount of $133,648.37. Of that amount, $126,107.17 were actual charges made by Shaya Seidenfeld. Pursuant to the agreement, Rochelle Seidenfeld agreed to pay delinquency charges. The plaintiff was allowed to impose a late fee of the greater of $29.00 or 2.99% of the amount unpaid for at least one billing period. The plaintiff charged Rochelle Seidenfeld with late fees for two billing periods (May 21, 2002 and June 12, 2002). Those charges were $3770.60 and $3770.60, respectively.
Plaintiff's motion for summary judgment for the claim of unjust enrichment against the basic cardholder, Rochelle Seidenfeld, is denied and defendants' cross motion for summary judgment for this claim is granted. The plaintiff cannot get relief for this cause of action because it has an adequate remedy at law. The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter (Clark-Fitzpatrick, Inc. v Long Island Rail Road Company, 70 NY 2d 382, 388 [1987]). A quasi contract only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment (Clark -Fitzpatrick, Inc. v Long Island Rail Road Company, supra. at 388; Parsa v State of New York, 64 NY2d 143, 148 [1984]).
Both plaintiff and defendants have failed to provide sufficient proof that summary judgment should be awarded on the breach of contract and unjust enrichment claims against Shaya Seidenfeld. The issue of fact to be resolved is whether Shaya Seidenfeld received an agreement explaining his obligations under the account and whether use of the additional card made him personally liable for his own charges. If the trier of fact were to find that a contract exists between them, then plaintiff's claim for unjust enrichment must be denied (Clark-Fitzpatrick, Inc. v Long Island Rail Road Company, supra.) If a contract does not exist, then an issue of fact remains as to whether Shaya Seidenfeld was unjustly enriched by keeping goods valued at $126,107.17 without paying for them. The plaintiff's motion for summary judgment and defendants' cross motion for summary judgment as to these two claims are therefore denied.
The foregoing constitutes the decision and order of the court.

Francois A. Rivera, J.S.C.
Decision Date: December 8, 2003