■ STEVEN GALLO, Respondent, v REA MOTORS, INC., et al., Appellants. [823 NYS2d 700]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Orange County (Owen, J.), dated September 27, 2005, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $46,000, and dismissed their first and second counterclaims.

Ordered that the judgment is affirmed, with costs.

"When interpreting a contract, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties . . . so that their reasonable expectations will be realized" (*Petracca v Petracca*, 302 AD2d 576, 576-577 [2003]; *see Gonzalez v Norrito*, 256 AD2d 440 [1998]). As a general rule, "it must clearly appear from the contract itself that the parties intended a provision to operate as a condition precedent . . . and that where there is ambiguity in a contractual term, the law does not favor a construction which creates a condition precedent" (*Lui v Park Ridge at Terryville Assn.*, 196

AD2d 579, 582 [1993]; *see Kass v Kass*, 235 AD2d 150, 159 [1997], *affd* 91 NY2d 554 [1998]; *Willis v Ronan*, 218 AD2d 794, 795 [1995]). The Supreme Court's construction of a disputed provision appearing in the parties' shareholders' agreement was practicable and reasonable. Moreover, the conduct of the parties does not support the defendants' assertion that the disputed provision was intended to operate as a condition precedent (*see Harza Northeast v Lehrer McGovern Bovis*, 255 AD2d 935, 936 [1998]).

The Supreme Court also properly found that the defendants failed to establish the existence of an agreement purportedly reached on August 12, 1997. "Minutes" alleged to be a memorialization of that agreement contained none of the usual formalities characteristic of such corporate documents, and consisted of an unidentified one-page document with no signatures and no date. While several witnesses testified to the agreement's existence, the trial court properly found that their testimony was not credible. Accordingly, the dismissal of the defendants' first and second counterclaims, which were based on the purported agreement, was proper. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.