■ In the Matter of HEIDI M. KLINDWORTH, Respondent, v ROBERT D. GARRON, Appellant. (Proceeding No. 1.) In the Matter of ROBERT D. GARRON, Appellant, v HEIDI M. KLINDWORTH, Respondent. (Proceeding No. 2.) [835 NYS2d 393]—

In two child support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Duffy, J.), entered July 5, 2006, which denied his objections to two orders of the same court (Hochberg, S.M.), both dated March 18, 2005, which, after a joint hearing, granted the mother's application to recover child support arrears and child care expenses and order the father to post an undertaking, and denied his application, inter alia, to recover child care expenses.

Ordered that the order entered July 5, 2006 is affirmed, without costs or disbursements.

The mother commenced one of the instant proceedings to enforce certain child support and child care provisions of a judgment of divorce entered in November 2004, which incorporated the provisions of three prior settlement stipulations between the parties. The father then commenced the other instant proceeding, inter alia, to enforce certain child care provisions of the same judgment of divorce.

The judgment of divorce required the father to commence paying child support when the mother relocated her residence to within 10 miles of the father's residence, as one of the parties' settlement stipulations required her to do. To the extent that the stipulation required the mother to give the father 45 days' notice of her anticipated relocation, the receipt of such notice was not a condition precedent to the father's obligation to pay child support in the month of relocation (*cf. Gallo v Rea Motors, Inc.*, 34 AD3d 635 [2006]). Thus, the Support Magistrate properly determined that the father owed the mother child support for the month of May 2004.

The record supports the Support Magistrate's findings that the mother sufficiently proved the amounts of the payments she made for the cost of child care necessitated by her employment, while the father failed to establish that he actually paid child care expenses to the child's paternal grandmother (*see Matter of Barrett v Pickett,* 5 AD3d 591 [2004]; *Matter of Jimenez v Jimenez,* 222 AD2d 589 [1995]).

As there was evidence that the father's child support payments were late on several occasions, the Support Magistrate providently exercised his discretion in ordering the father to post an undertaking (*see* Family Ct Act § 454 [2] [c]; 471).

The father's remaining contentions are without merit. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.