■ Jo Ann Stefanik, Appellant, v John Stefanik, Respondent. [905 NYS2d 287]—

Rose, J. Appeals (1) from an order of the Supreme Court (McNamara, J.), entered February 6, 2009 in Albany County, which, among other things, denied plaintiff's motion to enforce the parties' stipulation of settlement, and (2) from an order of said court, entered July 27, 2009 in Albany County, which granted defendant's motion to resettle the prior order.

The parties placed an oral stipulation on the record that was later incorporated into, but not merged with, their 2007 judgment of divorce. Among other things, the stipulation provided for distribution of the parties' two jointly owned properties, known as 44 and 47 Harris Avenue, by allocating 55% of the properties' combined net equity to plaintiff. She was to receive title to 44 Harris Avenue and, upon sale of 47 Harris Avenue, a check in the amount of the difference between the equity in 44 Harris Avenue and 55% of the combined equity in the two homes. In 2008, after the combined equity was determined, plaintiff moved for an order compelling defendant to pay her 55% of that amount as well as convey title to 44 Harris Avenue and list 47 Harris Avenue for sale. In opposition, defendant argued that, after transfer of title to 44 Harris Avenue, plaintiff was owed only the amount representing the difference between the equity in 44 Harris Avenue and 55% of the combined equity. Defendant also cross-moved for an order modifying the divorce judgment to permit him to retain possession of 47 Harris Avenue and dispense with its sale because he had become entitled to a credit against what he owed plaintiff, making it economically unnecessary to sell 47 Harris Avenue. Finding the stipulation's provisions to be incompatible, Supreme Court denied plaintiff's motion and granted defendant's cross motion. On defendant's later motion to resettle the order, the court directed plaintiff to convey title to 47 Harris Avenue to defendant. Plaintiff now appeals from both orders.

We affirm, but on a different basis than that relied upon by Supreme Court. We read the stipulation's initial provision, which gave plaintiff 55% of the combined net equity, to be the essence of the parties' stipulation, and we conclude that its provisions can be read consistently in determining the parties' intent (*see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]; *Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46 [1956]; *Siebel v McGrady*, 170 AD2d 906, 907 [1991], *lv denied* 78 NY2d 853 [1991]). The initial provision plainly sets forth the parties' shares of the value of the two properties. Subsequent provisions then specified how the shares would be distributed. Giving effect to all of the stipulation's provisions, we find that the intent was to distribute plaintiff's 55% share by conveyance of title to 44 Harris Avenue and defendant's payment of the difference between its equity and the combined equity of both properties. To read the stipulation otherwise, as plaintiff urges, would give her 55% of the combined equity as well as all of the equity in 44 Harris Avenue, yielding a total financial benefit in excess of the properties' combined equity. Clearly, that would conflict with the initial statement of plaintiff's percentage share (*see Ives v*

*Ives*, 96 AD2d 643 [1983], *appeal dismissed* 61 NY2d 760 [1984]), and nothing elsewhere in the parties' stipulation supports plaintiff's contrary argument.

Next, the record supports Supreme Court's determination that plaintiff owes defendant more than the difference between the net equity in 44 Harris Avenue and 55% of the combined equity that he owes her, inasmuch as her debt is evidenced by her letter written and dated after the stipulation was entered into. In addition, she neither denies that defendant advanced money on her behalf nor asserts that it was ever repaid. Finally, since defendant was able to provide plaintiff with her distributive award without selling 47 Harris Avenue, Supreme Court did not err in awarding him sole ownership of 47 Harris Avenue.

Spain, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.