■ JANE WALKER, Appellant, v. ROBERT WALKER, Respondent.— In an action to recover moneys allegedly owing upon a separation agreement, in which a default judgment was entered in favor of plaintiff on March 16, 1966, in the Supreme Court, Westchester County, she appeals from an order of said court, dated June 1, 1971, which (1) granted defendant's motion to vacate the judgment and (2) directed defendant to serve an answer to plaintiff's supplemental complaint. Order reversed, with $10 costs and disbursements, and motion denied. The default judgment was entered against defendant when his alleged former attorney failed to interpose an answer to the supplemental complaint served upon the attorney pursuant to a court order. The attorney alleged she no longer represented defendant because he had failed to pay her legal fees for services rendered on his behalf and also that she was unable to contact him because he had left New York State and she did not know his whereabouts. Special Term, however, impliedly found that the "former" attorney was still the attorney of record, since she had been "neither removed, suspended or disabled as the cases commonly construe these terms." Furthermore, the record clearly indicates that defendant has been guilty of intentional misconduct, laches, flagrant disobedience to court orders, admitted violations of various provisions of the separation agreement and failure to pay his attorney's legal fees, despite what appears to be a substantial income. He also left the jurisdiction of the State of New York in July, 1965, thereby making himself unavailable for examination in supplemental proceedings — after having personally signed a stipulation to appear for such examination at the time agreed upon (this was at a time when it is undisputed that he was represented by his former attorney; he claims he left the jurisdiction because he believed the action had been abandoned) — and failed to inform either his former wife or his former attorney of his whereabouts until he returned to New York in 1970, just to mention a few of his *unexcusable* acts and omissions. In view of the above, the failure to interpose an answer by his "former" attorney should be imputed to defendant (cf. *Greenwald* v. *Zyvith*, 23 A D 2d 201). As defendant has, in our opinion, failed to demonstrate "excusable default" as required by CPLR 5015 (subd. [a], par. 1), we deem it to have been an improvident exercise of Special Term's discretion to grant defendant's motion to open the default judgment. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.