■ ANITA CASABENE, Plaintiff, v KENNETH GARDNER et al., Defendants. MELVIN N. WEISSLER, Appellant; DOMENICK A. PELLE, Respondent. — In a negligence action to recover damages for personal injuries, the plaintiff's former attorney appeals, on the ground of inadequacy, from an order of the Supreme Court, Nassau County (Robbins, J.), entered February 25, 1981, which fixed his fee at 20% of the fee received by plaintiff's current attorney. Order modified, on the facts, by increasing the fee to 33⅓% of the fee received by plaintiff's current attorney. As so modified, order affirmed, without costs or disbursements. The record indicates that the appellant waived his right to a hearing. However, the order must be modified as the award was inadequate to the extent indicated. We find no merit in the other contentions raised by the appellant. Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.

■ PETER CAVALLA, Respondent, v ERNEST F. ELLIOT, INC., Defendant, and ERNEST F. ELLIOT, Appellant. — In an action to recover damages for breach of contract, defendant Ernest F. Elliot appeals from an order of the Supreme Court, Dutchess County (Quinn, J.), dated April 9, 1980, which denied his motion to vacate a default judgment, entered after inquest upon his failure to appear at trial. Order affirmed, with $50 costs and disbursements. Under the circumstances of this case, Special Term erred in finding that defendant Elliot failed to establish a meritorious defense. Where an individual attempts to guarantee the liability of a corporation, his personal liability for breach of contract does not attach unless he subscribes to the contract in his individual capacity (General Obligations Law, § 5-701; *Steinberg v Universal Machinenfabrik GMBH,* 18 NY2d 943). However, a careful search of the record reveals that there was no valid excuse for the individual defendant's default. His allegation, *inter alia,* that his nonappearance was occasioned by his wife's failure to notify him of the impending trial, is insufficient to constitute excusable default (*Walker v Walker,* 38 AD2d 720). Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.

■ WILLIAM CHALFIN, Appellant, v CONSTANCE LANIADO, Individually and as Executrix of CLARA CHALFIN, Deceased, Respondent. — In a replevin action to recover two shares of stock, plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Leone, J.), entered December 29, 1980, which is in favor of defendant against him, upon a jury verdict, and (2) an order of the same court, dated November 17, 1980, which denied his motion to set aside the verdict and for a new trial. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed, without costs or disbursements. No opinion. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.