■ IRVING GOLD, Appellant, v ROYAL CIGAR Co., INC., Defendant, and LEONARD SCHWARTZ, Respondent. — In an action to recover damages for breach of contract and on an account stated, plaintiff appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated July 8, 1984, which was entered upon the granting of the defendant Leonard Schwartz' motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 7) based on documentary evidence, and upon the denial of plaintiff's cross motion for leave to amend his complaint so as to assert a new cause of action against said defendant. (We treat the notice of appeal dated July 21, 1983, as a notice of appeal from the judgment.)

Judgment affirmed, with costs.

On or about May 11, 1977, County Cigar Corp. (County) and Royal Cigar Co., Inc. (Royal), by their respective presidents in their respective capacities, entered into a contract whereby County agreed to purchase the assets of Royal, including the use of its name. While price was left for future negotiation, Royal executed a bill of sale to County. Subsequently, the following letter dated July 31, 1979, was sent on Royal stationery:

> "To Whom it May Concern;
> "It is hereby understood and agreed by the officers of Royal Cigar Co., Inc. that the sum of 100,000 dollars will be paid to Irving Gold over a period of thirty six months starting Aug. 1st, 1979.
> "S Leonard Schwartz, Pres.
> "S Harold Krasner, Sec. Tres."

Plaintiff's contention that the contract executed by County and the foregoing letter obligated the individual officers to pay the contract price, is without merit. As each document was executed by the individual defendant in his corporate capacity, they cannot form a basis for personal liability upon him (see *Cavalla v Ernest F. Elliot, Inc.,* 86 AD2d 884).

Special Term properly denied leave to amend the complaint. In the proposed amended complaint, plaintiff seeks to set forth a new cause of action alleging an oral promise by the individual defendant to make payment of the $100,000 contract price; it clearly fails to allege a meritorious cause of action (see *Martin Roofing v Goldstein,* 91 AD2d 1065, affd 60 NY2d 262, cert den __ US __, 104 S Ct 1681). Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.