■ NAN SU PAEK, Appellant, v IN CHUL SONG et al., Respondents.—

This action seeks to recover damages caused by the alleged malpractice of defendant Dr. In Chul Song. The summons and complaint were received by Dr. Song and referred to his carrier in the expectation that the matter would be defended. However, as the result of an administrative error, the carrier failed to inform counsel. Thereafter, upon receipt of a notice of default, defendant, allegedly without knowledge of the contents of the legal papers, merely forwarded this document as well. Entry of a default was taken and a motion to vacate served shortly thereafter. In requesting vacatur, the defense attorney submitted a personal affirmation which set forth both the reasons for the default and a statement of merit, as well as affidavits from Dr. Song and Dr. Ship, an expert in the medical technique employed.

Plaintiff has not demonstrated an abuse of discretion by the IAS court. The affidavits presented with the motion to vacate establish both an adequate excuse and a meritorious defense to the action *(Ross v Medical Liab. Mut. Ins. Co.,* 150 AD2d 187). Since defendant doctor reasonably relied upon the carrier to protect his interests and moved expeditiously to vacate once it was learned that this had not been done, the court appropriately concluded that the default was neither willful nor deliberate (CPLR 2005, 3012 [d]). Moreover, there is no basis for a hearing as to the adequacy of the excuse for the delay or the validity of the service. The reason for the delay was adequately explained in the affidavits submitted by defen-

dant. At any rate, the question of service was not contested in defendant's answer and is, consequently, not at issue. We have considered plaintiff's other contentions and find them to be without merit. Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.