■ LETEBERHAN SILTAN, Respondent, v CITY OF NEW YORK, Defendant, and ALVARO BARANDICA et al., Appellants. [750 NYS2d 323] —In an action to recover damages for personal injuries, the defendants Alvaro Barandica and Adanolys Arroya-Barandica appeal from an order of the Supreme Court, Queens County (Flug, J.), dated November 23, 2001, which granted the plaintiff's motion to strike their answer pursuant to CPLR 3126 for failure to appear for an examination before trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the appellants' answer is reinstated.

The so-ordered stipulation in the instant case, signed by counsel for the respective parties during a court appearance, is binding (*see* CPLR 2104). In the stipulation, the plaintiff agreed that, in the event that the appellants failed to comply with the so-ordered stipulation, her remedy would be limited to the preclusion of their testimony at trial. While a court certainly has discretion to refuse to enforce a stipulation where there is evidence of fraud, overreaching, unconscionability, or illegality (*see Hallock v State of New York,* 64 NY2d 224, 230), there is no such evidence in this case. The so-ordered stipulation functioned as a conditional order of preclusion, which became absolute upon the appellants' failure to comply (*see Jenkinson v Naccarato,* 286 AD2d 420; *Liotti v Ruk,* 282 AD2d 717; *Kepple v Hill Assoc.,* 275 AD2d 299, 300; *Stewart v City of New York,* 266 AD2d 452; *Tirone v Staten Is. Univ. Hosp.,* 264 AD2d 415; *Michaud v City of New York,* 242 AD2d 369, 370; *Clissuras v Concord Vil. Owners,* 233 AD2d 475). Accordingly, the Supreme Court erred in imposing a sanction other than the agreed-upon sanction when the appellants did not comply with the so-ordered stipulation (*see Tirone v Staten Is. Univ. Hosp., supra; Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.,* 249 AD2d 263; *Smith v City of New York,* 239 AD2d 337, 338). Florio, J.P., S. Miller, Adams and Crane, JJ., concur.