(June 13, 2006)

■ DIMITRIOS AIVALIOTIS et al., Appellants, v CONTINENTAL BROKER-DEALER CORP., Respondent. [817 NYS2d 365]—

In an action, inter alia, to recover damages for breach of certain employment contracts, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered June 30, 2005, as granted that branch of the defendant's motion which was for leave to enter judgment against them based upon a so-ordered stipulation dated December 14, 2004, and directed the Nassau County Clerk to enter judgment in favor of the defendant and against them in the principal sum of $120,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for leave to enter judgment against the plaintiffs based upon a so-ordered stipulation dated December 14, 2004, is denied.

A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them and "will be construed in accordance with contract principles and the parties' intent" (*Serna v Pergament Distribs.*, 182 AD2d 985, 986 [1992]; *see Nishman v De Marco*, 76 AD2d 360, 366 [1980]). As in the interpretation of any contract, "the document must be read as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized" (*Snug Harbor Sq. Venture v Never Home Laundry*, 252 AD2d 520, 521 [1998]; *see Petracca v Petracca*, 302 AD2d 576, 576-577 [2003]). The "[i]nterpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]). Accordingly, a court "should not, under the guise of contract interpretation, 'imply a term which the parties themselves failed to insert' or otherwise rewrite the contract" (*Lui v Park Ridge at Terryville Assn.*, 196 AD2d 579, 581 [1993], quoting *Mitchell v Mitchell*, 82 AD2d 849 [1981]).

The instant action was settled by a so-ordered stipulation dated December 14, 2004 (hereinafter the stipulation), pursuant to which the plaintiffs agreed to pay to the defendant the total sum of $120,000 in three equal installments (hereinafter the settlement amount). It is undisputed that the plaintiffs

defaulted in making those payments. The stipulation also contained a provision that "[i]n the event the plaintiff[s] default[s] in making the aforesaid payments this stipulation is without prejudice and the parties may pursue their claims and counterclaims." Contrary to the defendant's contention, its only recourse in the event the plaintiffs defaulted in their payment obligation under the stipulation was to pursue its counterclaims. Thus, the Supreme Court should not have granted that branch of the defendant's motion which was for leave to enter judgment against the plaintiffs in the settlement amount since to do so "impl[ied] a term which the parties themselves failed to insert" in the stipulation (*Mitchell v Mitchell*, *supra* at 849).

The defendant's remaining contentions are without merit. Crane, J.P., Ritter, Krausman and Skelos, JJ., concur. [*See* 8 Misc 3d 1009(A), 2005 NY Slip Op 51004(U) (2005).]