■ PATRICIA SIEGEL et al., Appellants, v MONSEY NEW SQUARE TRAILS CORP., Defendants and Third-Party Plaintiffs-Respondents-Appellants. FARM RESORT, INC., Doing Business as GOLDEN ACRES FARM & RANCH, Third-Party Defendant-Respondent. [836 NYS2d 678]—In an action to recover damages for

personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated March 8, 2006, as denied their motion for summary judgment on the issue of liability against the defendants and third-party plaintiffs or, in the alternative, pursuant to CPLR 3126 to strike the answer of the defendants and third-party plaintiffs, and the defendants and third-party plaintiffs appeal, as limited by their brief, from so much of the same order as granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and (2) the defendants and third-party plaintiffs appeal from an order of the same court dated July 13, 2006, which denied their motion, denominated as one for leave to renew and reargue, which was, in actuality, a motion for leave to reargue.

Ordered that the appeal from the order dated July 13, 2006, is dismissed; and it is further,

Ordered that the order dated March 8, 2006, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants third-party plaintiffs, payable by the plaintiffs, and one bill of costs is awarded to the third-party defendant, payable by the defendants third-party plaintiffs.

The Supreme Court properly denied that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the answer of the defendants and third-party plaintiffs because they failed to prove that the defendants and third-party plaintiffs destroyed key evidence that deprived them of their ability to prove their claim (*see Soto v New York City Tr. Auth.*, 25 AD3d 546 [2006]).

The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of whether the defendants and third-party plaintiffs were liable for the plaintiff Patricia Siegel's injuries because there was conflicting evidence as to whether the defendant Ernest Landau acted negligently and proximately caused her injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendants and third-party plaintiffs.

The third-party defendant established its prima facie entitlement to judgment as a matter of law on the issue of liability by presenting evidence that there was no defect in its parking area that contributed to the injuries sustained by the plaintiff Patricia Siegel (*see Alvarez v Prospect Hosp., supra; Zuckerman v*

*City of New York, supra*). In opposition, the defendants and third-party plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra*; *Zuckerman v City of New York, supra*). Accordingly, the Supreme Court properly granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

With regard to the motion of the defendants and third-party plaintiffs, denominated as one for leave to renew and reargue, pursuant to CPLR 2221 (e) (2), (3), a motion for leave to renew, inter alia, "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" and it "shall contain reasonable justification for the failure to present such facts on the prior motion." Since the motion of the defendants and third-party plaintiffs was based upon evidence that could have been discovered earlier with due diligence and because that evidence was merely cumulative to the evidence they presented in opposition to the motion of the third-party defendant for summary judgment, their motion, though denominated as a motion for leave to renew and reargue, was, in actuality, a motion for leave to reargue, the denial of which is not appealable (*see Salgado v Ring*, 21 AD3d 363 [2005]). Rivera, J.P., Florio, Dillon and Carni, JJ., concur.