IVA KIRKLAND, Respondent, v JERRY FAYNE et al., Appellants, and EMMORRISON GRIFFITHS, Respondent, et al., Defendants. [915 NYS2d 270]—

In a consolidated action to recover damages for personal injuries, the defendants Jerry Fayne and Bruce E. Fayne appeal, and the defendant Welsbach Electric Corp. separately appeals, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered July 7, 2009, as, in effect, granted the motion of the defendant Emmorrison Griffiths and the separate motion of the plaintiff to vacate a provision of a so-ordered stipulation dated May 9, 2008, precluding the defendant Emmorrison Griffiths, inter alia, from testifying at trial if he did not appear for a deposition by a date certain.

Ordered that the order is reversed insofar as appealed from, on the facts, and in the exercise of discretion, with one bill of costs, and the motion of the defendant Emmorrison Griffiths and the separate motion of the plaintiff to vacate a provision of a so-ordered stipulation dated May 9, 2008, precluding the defendant Emmorrison Griffiths, inter alia, from testifying at trial if he did not appear for a deposition by a date certain are denied.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to vacate a provision of a so-ordered stipulation dated May 9, 2008, precluding the defendant Emmorrison Griffiths, inter alia, from testifying at trial if he did not appear for a deposition by a date certain. The so-ordered stipulation (hereinafter the stipulation), signed by counsel for each party in this consolidated action during a court appearance, is a binding contract (see CPLR 2104; *Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc.*, 37 AD3d 706 [2007]; *Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006]). While a court may relieve a party of the consequences of a stipulation made during litigation where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident (see *Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Siltan v City of New York*, 300 AD2d 298 [2002]), here, the plaintiff failed to demonstrate good cause sufficient to invalidate the subject provision of the stipulation (see *Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc.*, 37 AD3d at 706).

In addition, the Supreme Court improvidently exercised its discretion in granting Griffiths' separate motion to vacate the aforementioned provision of the stipulation. The stipulation functioned as a conditional order of preclusion, which became absolute upon Griffiths' failure to comply with its terms (see

*Panagiotou v Samaritan Vil., Inc.*, 66 AD3d 979, 980 [2009]; *Calder v Cofta*, 49 AD3d 484 [2008]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907, 908 [2007]). To avoid the adverse impact of the stipulation, Griffiths was required to demonstrate a reasonable excuse for his failure to comply with it and the existence of a potentially meritorious defense to the action (*see State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d at 908; *Goldsmith Motors Corp. v Chemical Bank*, 300 AD2d 440, 441 [2002]; *see also Geliga v Karibian, Inc.*, 70 AD3d 996 [2010]). Griffiths failed to demonstrate a reasonable excuse for his failure to appear for his deposition by the date agreed to in the stipulation (*see Walker v Walker*, 38 AD2d 720 [1972]; *see also Mason v MTA N.Y. City Tr.*, 38 AD3d 258 [2007]; *Maignan v Nahar*, 37 AD3d 557 [2007]; *Robinson v Rollins Leasing Corp.*, 288 AD2d 367 [2001]). Furthermore, Griffiths failed to demonstrate, through evidence in admissible form, the existence of a potentially meritorious defense (*see HSBC Bank USA N.A. v Nuteh 72 Realty Corp.*, 70 AD3d 998, 999 [2010]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.