■ JEFFREY GROSS, Respondent, v REBEKAH JOHNSON, Appellant. [958 NYS2d 751]—

In an action to recover damages for battery and intentional infliction of emotional distress, the defendant appeals (1) from an order of the Supreme Court, Richmond County (Fusco, J.), dated September 3, 2010, which, inter alia, conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer unless she appeared for a deposition by a date certain, (2) from an order of the same court dated January 7, 2011, which granted the plaintiff's unopposed application to strike the answer for failure to comply with the order dated September 3, 2010, (3) from a judgment of the same court entered November 15, 2011, which, upon the orders, and after an inquest on the issue of damages, is in favor of the plaintiff and against her in the principal sum of $907,849.71, and (4), as limited by her brief, from so much of an order of the same court dated January 24, 2012, as denied her motion to vacate the order dated January 7, 2011, and the judgment.

Ordered that the appeals from the orders dated September 3, 2010, and January 7, 2011, are dismissed; and it is further,

Ordered that the order dated January 24, 2012, is reversed insofar as appealed from, on the facts and in the exercise of discretion, the defendant's motion to vacate the order dated January 7, 2011, and the judgment is granted, and the order dated January 7, 2011, and the judgment are vacated; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination of the appeal from the order dated January 24, 2012; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeals from the orders dated September 3, 2010, and January 7, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). Moreover, we do not review the order dated September 3, 2010, on the appeal from the judgment, since the defendant advances no argument in her brief regarding that order (see L.D. Wenger Constr. Co., Inc. v UnBuildIt, Inc., 73 AD3d 864, 865 [2010]; Cambry v Lincoln Gardens, 50 AD3d 1081, 1084 [2008]; Ellner v Schwed, 48 AD3d 739, 740 [2008]), and we do not review the order dated January 7, 2011, since it was made upon the default of the aggrieved party (see CPLR 5511).

The defendant moved, inter alia, pursuant to CPLR 3126 to strike the defendant's answer based on her failure to appear for a deposition. In an order dated September 3, 2010, the Supreme Court conditionally granted that branch of the motion which was to strike the answer unless the defendant appeared for a deposition by a specified date. When the defendant failed to appear for a deposition by the date specified in the order dated September 3, 2010, the plaintiff sought to strike the answer. The defendant failed to oppose the plaintiff's application to strike the answer, and the application was granted by order dated January 7, 2011. In order to vacate the order dated January 7, 2011, entered upon her default in opposing the plaintiff's application, and the resulting judgment, the defendant was required to demonstrate a reasonable excuse for her default and the existence of a potentially meritorious opposition to the plaintiff's application (see CPLR 5015 [a] [1]; Infante v Breslin Realty Dev. Corp., 95 AD3d 1075, 1076 [2012]; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 813 [2012]; New Seven Colors Corp. v White Bubble Laundromat, Inc., 89 AD3d 701, 702 [2011]). The record reveals that the default in opposing the application was due, inter alia, to the defendant's prior at-

torney's neglect of the matter, and that when the defendant discovered that a default order had been entered against her, she immediately retained new counsel and made motions to vacate the default order and the resulting judgment. The defendant demonstrated a reasonable excuse for her default in opposing the plaintiff's application (*see Abel v Estate of Collins*, 73 AD3d 1423, 1425 [2010]; *Gironda v Katzen*, 19 AD3d 644, 645 [2005]; *Navarro v A. Trenkman Estate, Inc.*, 279 AD2d 257, 258 [2001]; *Steel Krafts Bldg. Materials & Supplies v Komazenski*, 252 AD2d 731, 732 [1998]; *Nan Su Paek v In Chul Song*, 158 AD2d 321 [1990]; *Carte v Segall*, 134 AD2d 397, 398 [1987]).

The defendant also demonstrated a reasonable excuse for her failure to appear at her deposition by the date set forth in the order dated September 3, 2010, conditionally striking the answer, and the existence of a potentially meritorious defense to the action (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]; *Kirkland v Fayne*, 78 AD3d 660, 661 [2010]; *Lerner v Ayervais*, 16 AD3d 382 [2005]). The affidavit of the defendant's psychiatrist, which stated that the defendant was unable to attend her deposition due to her emotional condition, demonstrated a reasonable excuse for the defendant's failure to comply with the conditional order (*see Low Surgical & Med. Supply, Inc. v McAfee*, 15 AD3d 547, 548 [2005]; *State of New York v Kama*, 267 AD2d 224 [1999]; *Du Jour v DeJean*, 247 AD2d 370, 371 [1998]). Furthermore, the defendant's affidavit was sufficient to demonstrate a potentially meritorious defense to the action. Accordingly, the defendant's motion to vacate the order dated January 7, 2011, and the judgment entered upon that order, should have been granted. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.