In an action to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 27, 2012, which denied its motion to vacate a so-ordered stipulation dated December 13, 2011, and (2), as limited by its brief, from so much of an order of the same court dated September 7, 2012, as denied that branch of its motion which was for leave to renew.
Ordered that the order dated April 27, 2012, is affirmed; and it is further,
Ordered that the order dated September 7, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The Supreme Court providently exercised its discretion in denying the defendant’s motion to vacate a so-ordered stipulation dated December 13, 2011 (hereinafter the stipulation), precluding the defendant from offering evidence as to liability at trial if it did not schedule depositions by a date certain. The stipulation, signed by counsel for each party in this action during a court appearance, is a binding contract (see CPLR 2104; Kirkland v Fayne, 78 AD3d 660 [2010]; Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc., 37 AD3d 706 [2007]; Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447 [2006]). While a court may relieve a party of the consequences of a stipulation made during litigation where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Siltan v City of New York, 300 AD2d 298 [2002]), here, the plaintiff failed to demonstrate good cause sufficient to invalidate the stipulation (see Kirkland v Fayne, 78 AD3d at 660; Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc., 37 AD3d at 706).
To the extent that the defendant sought to vacate its default in complying with the stipulation, it failed to make the requisite showing. The stipulation functioned as a conditional order of preclusion, which became absolute upon the defendant’s failure to comply (see Kirkland v Fayne, 78 AD3d at 660; Siltan v City of New York, 300 AD2d at 298). To avoid the adverse impact of the stipulation, the defendant was required to demonstrate a reasonable excuse for its failure to comply and the existence of a potentially meritorious defense to the action (see Kirkland v *800 Fayne, 78 AD3d at 661; State Farm Mut. Auto. Ins. Co. v Hertz Corp., 43 AD3d 907, 908 [2007]; Siltan v City of New York, 300 AD2d at 298). Here, in its moving papers, the defendant failed to offer a reasonable excuse for its failure to comply with the provision of the stipulation requiring it to schedule Sead Pejcinovic’s deposition within 90 days of the stipulation, and failed to offer any potentially meritorious defense to the action.
“A motion for leave to renew is addressed to the sound discretion of the court” (Matheus v Weiss, 20 AD3d 454, 454-455 [2005]). Pursuant to CPLR 2221, a motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination” (CPLR 2221 [e] [2]) and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [3]; see Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 932 [2011]; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437 [2007]). “A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation” (Worrell v Parkway Estates, 43 AD3d at 437; see Sobin v Tylutki, 59 AD3d 701, 702 [2009]; Renna v Gullo, 19 AD3d 472, 473 [2005]). Here, the facts set forth in support of renewal were available to the defendant at the time it made its prior motion to vacate the stipulation, and it failed to demonstrate a reasonable justification for failing to submit such facts on the prior motion (see Deutsche Bank Natl. Trust Co. v Wilkins, 97 AD3d 527, 528-529 [2012]; Sobin v Tylutki, 59 AD3d at 702; Worrell v Parkway Estates, LLC, 43 AD3d at 437). Accordingly, renewal was properly denied. Skelos, J.E, Hall, Cohen and Hinds-Radix, JJ., concur.