In an action, inter alia, for a judgment declaring that the plaintiff is the sole owner of the defendant 44 W 37 Street, LLC, the defendant Alan Chu Yu Mung appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), dated July 25, 2012, as denied that branch of his motion which was for a protective order pursuant to CPLR 3103 (a) directing that his deposition be conducted by remote electronic means, and the defendant 44 W 37 Street, LLC, appeals from the same order.
Ordered that the appeal by the defendant 44 W 37 Street, LLC, is dismissed as abandoned for failure to perfect the same in accordance with the rules of this Court (see 22 NYCRR 670.8 [c], [e]); and it is further,
Ordered that the order is affirmed insofar as appealed from by the defendant Alan Chu Yu Mung; and it is further,
Ordered that the plaintiff is awarded one bill of costs, payable by the defendant Alan Chu Yu Mung.
The Supreme Court properly denied that branch of the appellant’s motion which was for a protective order pursuant to CFLR 3103 (a) directing that his deposition be conducted by remote electronic means. The appellant agreed, as part of a so-ordered preliminary conference stipulation and order signed by his attorney (hereinafter the stipulation), to be deposed in New York at the office of the plaintiffs counsel. Such a stipulation constitutes a binding contract (see CPLR 2104; Kirkland v Fayne, 78 AD3d 660 [2010]; Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc., 37 AD3d 706 [2007]; Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447 [2006]).
While a court may relieve a party of the consequences of a stipulation made during litigation where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, *781 or accident (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Siltan v City of New York, 300 AD2d 298 [2002]), here, the appellant failed to demonstrate good cause sufficient to invalidate the stipulation (see Kirkland v Fayne, 78 AD3d at 660; Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc., 37 AD3d at 706). He also failed to demonstrate that his attorney lacked the authority to enter into the stipulation on his behalf (see Cooper v Hempstead Gen. Hosp., 2 AD3d 566 [2003]). In any event, the appellant failed to establish that traveling from his home in Hong Kong to New York to be deposed would cause him undue hardship (cf. Gabriel v Johnston’s L.P. Gas Serv., Inc., 98 AD3d 168, 176-177 [2012]; Yu Hui Chen v Chen Li Zhi, 81 AD3d 818 [2011]).
Rivera, J.E, Balkin, Hinds-Radix and Maltese, JJ., concur.