In a consolidated action to recover damages for personal injuries, the defendants Shawkat Ali Kahn and Beret Cab Corp. appeal from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 10, 2013, which granted the plaintiffs *995 motion pursuant to CPLR 3126 to strike the answer of the defendant Shawkat Ali Kahn, and (2) an order of the same court dated September 24, 2013, which denied the motion of the defendant Shawkat Ali Kahn to vacate the order dated June 10, 2013.
Ordered that the appeals by the defendant Beret Cab Corp. are dismissed, as that defendant is not aggrieved by the orders appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
Ordered that the order dated June 10, 2013, is reversed, on the law, and the plaintiffs motion to strike the answer of the defendant Shawkat Ali Kahn is denied; and it is further,
Ordered that the appeal by the defendant Shawkat Ali Kahn from the order dated September 24, 2013, is dismissed as academic in light of our determination on the appeal from the order dated June 10, 2013; and it is further,
Ordered that one bill of costs is awarded to the defendant Shawkat Ali Kahn payable by the plaintiff.
In this action to recover damages for personal injuries, the plaintiff moved pursuant to CPLR 3126 to strike the answer of the defendant Shawkat Ali Kahn for failure to appear at a court-ordered deposition. Thereafter, however, the parties agreed, as part of a so-ordered stipulation signed by the attorneys for, among others, the plaintiff and Kahn, on April 18, 2013, that Kahn would appear for a deposition at one of two locations. The stipulation did not specify the date by which the deposition was to be completed. Subsequently, the parties scheduled Kahn’s deposition for June 25, 2013. However, prior to that date, and notwithstanding the so-ordered stipulation, in an order dated June 10, 2013, the Supreme Court granted the plaintiffs motion to strike Kahn’s answer. Thereafter, Kahn moved to vacate the order dated June 10, 2013. In an order dated September 24, 2013, the Supreme Court denied Kahn’s motion.
The stipulation dated April 18, 2013, is a binding contract (see CPLR 2104; Born to Build, LLC v Saleh, 115 AD3d 780 [2014]; Okumus v Living Room Steak House, Inc., 112 AD3d 799, 799 [2013]; Kirkland v Fayne, 78 AD3d 660, 660 [2010]). While a court may relieve a party of the consequences of a stipulation made during litigation where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Siltan v City of New York, 300 AD2d 298 [2002]), here, there was no showing of good cause sufficient to invalidate the stipulation (see Kirkland v Fayne, 78 AD3d at 660; Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc., 37 AD3d 706, 706 [2007]). *996 In light of the agreement between the plaintiff and Kahn in the so-ordered stipulation, which was signed by the court on April 18, 2013, the Supreme Court improperly granted the plaintiffs motion pursuant to CPLR 3126 to strike Kahn’s answer. Accordingly, the order dated June 10, 2013, must be reversed, and the plaintiffs motion to strike Kahn’s answer denied. Rivera, J.E, Dickerson, Cohen, Hinds-Radix and Maltese, JJ, concur.