■ CARILLON NURSING AND REHABILITATION CENTER, LLP, Respondent, v GEORGE FOX et al., Appellants. [989 NYS2d 68]—

In an action, inter alia, to recover damages for fraud and breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Asher, J.), dated December 19, 2012, which denied their motion pursuant to CPLR 5015 (a) to vacate a judgment of the same court entered March 29, 2012, upon an order of the same court dated October 4, 2011, granting the plaintiff's unopposed motion for leave to enter a default judgment, in favor of the plaintiff and against them in the principal sum of $52,458.96.

Ordered that the order dated December 19, 2012, is affirmed, with costs.

In a so-ordered stipulation dated February 22, 2011, the Supreme Court directed the defendants to provide full and complete responses to the plaintiff's discovery demands by March 22, 2011, or the answer would be stricken. The defendants failed to comply with that stipulation, and the plaintiff moved for the entry of a default judgment, contending that the answer had been stricken pursuant to the stipulation. After granting the defendants' numerous requests to adjourn the return date of the motion, the motion was submitted without opposition, and the Supreme Court, in an order dated October 4, 2011, granted the motion and directed the plaintiff to submit proof of damages by affidavit. The Supreme Court entered a

judgment on March 29, 2012, upon the plaintiff's submissions of proof of damages, in favor of the plaintiff and against the defendants in the principal sum of $52,458.96.

To vacate the judgment entered upon their failure to oppose the plaintiff's motion for the entry of a default judgment, the defendants were required to demonstrate a reasonable excuse for their default and a potentially meritorious defense to the motion (*see Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]; *Schenk v Staten Is. Univ. Hosp.*, 108 AD3d 661, 662 [2013]; *Gross v Johnson*, 102 AD3d 921, 922 [2013]). The defendants' bare allegations of law office failure based upon their prior counsel's unspecified negligent acts, errors, and omissions does not constitute a reasonable excuse for their default (*see Vardaros v Zapas*, 105 AD3d 1037, 1038 [2013]; *Bazoyah v Herschitz*, 79 AD3d 1081, 1082 [2010]; *Kolajo v City of New York*, 248 AD2d 512 [1998]). Furthermore, where, as here, there is a pattern of willful default and neglect, the negligence of the attorney is properly imputed to the client (*see Santiago v Santana*, 54 AD3d 929, 930 [2008]; *Dave Sandel, Inc. v Specialized Indus. Servs. Corp.*, 35 AD3d 790, 791 [2006]; *Edwards v Feliz*, 28 AD3d 512 [2006]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]).

Moreover, to successfully oppose the plaintiff's motion for the entry of a default judgment, the defendants were required to demonstrate a reasonable excuse for their failure to comply with the stipulation, which functioned as a conditional order of preclusion, and the existence of a potentially meritorious defense to the action (*see Okumus v Living Room Steak House, Inc.*, 112 AD3d 799 [2013]; *Kirkland v Fayne*, 78 AD3d 660 [2010]; *Siltan v City of New York*, 300 AD2d 298 [2002]). The defendants' bare allegations of neglect by their prior counsel were insufficient to excuse the failure over a period of 22 months after a preliminary conference order was issued to comply with court-ordered discovery (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Kolajo v City of New York*, 248 AD2d 512 [1998]). In addition, the record is devoid of any evidence tending to show the existence of a potentially meritorious defense to the action (*see Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984, 985 [2009]; *Green Point Sav. Bank v 794 Utica Ave. Realty Corp.*, 242 AD2d 602, 602-603 [1997]; *Reilly-Whiteman, Inc. v Cherry Hill Textiles*, 191 AD2d 486 [1993]). Accordingly, the defendants' motion to vacate the default judgment was properly denied.

The defendants' remaining contentions, which are based upon new factual allegations, are improperly raised for the first time

on appeal and, accordingly, are not properly before this Court (*see Chusid v Silvera*, 110 AD3d 659, 660 [2013]; *Matter of Klass v City of New York*, 103 AD3d 800, 802 [2013]; *Provident Bank v Giannasca*, 55 AD3d 812 [2008]). Rivera, J.P., Dickerson, Chambers, Hinds-Radix and Maltese, JJ., concur.