■ KATHLEEN R. DONOVAN, Respondent, v JACOB H. RIZZO, Appellant. [53 NYS3d 193]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered December 21, 2015, which denied his motion for leave to renew his opposition to the plaintiff's motion for summary judgment on the issue of liability, which had been granted in an order of the same court entered June 3, 2015.

Ordered that the order entered December 21, 2015, is reversed, on the law and the facts, with costs, the defendant's motion for leave to renew is granted, and, upon renewal, the order entered June 3, 2015, is vacated, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The plaintiff allegedly was injured when her vehicle, which was stopped at a red traffic light at the intersection of Merchants Concourse and Old Country Road in the Town of Hempstead, was struck in the rear by a vehicle operated by the defendant. The plaintiff thereafter commenced this action to recover damages for personal injuries. After issue was joined, the plaintiff moved for summary judgment on the issue of li-

ability. In an order entered June 3, 2015, the Supreme Court granted the plaintiff's motion. The defendant then moved pursuant to CPLR 2221 for leave to renew his opposition to the plaintiff's motion. In an order entered December 21, 2015, the court deemed the defendant's motion to be for leave to reargue and, thereupon, denied the motion. The defendant appeals, and we reverse.

"A motion for leave to renew is addressed to the sound discretion of the court" (*Matheus v Weiss*, 20 AD3d 454, 454-455 [2005]; *see Okumus v Living Room Steak House, Inc.*, 112 AD3d 799 [2013]). Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Okumus v Living Room Steak House, Inc.*, 112 AD3d at 799; *Bank of N.Y. Mellon v Izmirligil*, 88 AD3d 930, 932 [2011]; *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Worrell v Parkway Estates, LLC*, 43 AD3d at 437; *see Okumus v Living Room Steak House, Inc.*, 112 AD3d at 799; *Sobin v Tylutki*, 59 AD3d 701, 702 [2009]; *Renna v Gullo*, 19 AD3d 472, 473 [2005]).

Contrary to the Supreme Court's determination, the defendant's motion was based upon new evidence not previously before the court and, under the circumstances of this case, the court improvidently exercised its discretion in deeming the motion to be one for leave to reargue (*see Williams v Bryant*, 196 AD2d 815 [1993]; *Hantz v Fishman*, 155 AD2d 415 [1989]; *cf. Siegel v Monsey New Sq. Trails Corp.*, 40 AD3d 960, 962 [2007]; *Salgado v Ring*, 21 AD3d 363 [2005]). The new evidence included a transcript of the plaintiff's deposition testimony, which had not been submitted to the court on the prior motion, as her deposition had not been completed until after the prior motion had been decided. Therefore, the motion was correctly denominated by the defendant as one for leave to renew his opposition to the plaintiff's motion for summary judgment. Furthermore, this new evidence raised triable issues of fact as to the plaintiff's comparative fault. Accordingly, the evidence was sufficient to change the court's prior determination, and should have resulted in the court, upon renewal, denying the plaintiff's motion for summary judgment on the issue of liability. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.