Chae Shin Oh v Jeannot (2018 NY Slip Op 02446)





Chae Shin Oh v Jeannot


2018 NY Slip Op 02446


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-04851
 (Index No. 62519/14)

[*1]Chae Shin Oh, respondent, 
v
Edante Jeannot, appellant.


Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for appellant.
The Grigoropoulos Law Group, PLLC, Ridgewood, NY (Chrissy Grigoropoulos of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated April 26, 2017, as granted that branch of the plaintiff's motion which was to vacate a stipulation transferring the action to the binding summary jury trial part.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was to vacate the stipulation transferring the action to the binding summary jury trial part is denied.
In this action to recover damages for personal injuries arising from a motor vehicle collision, while the plaintiff was represented by prior counsel, the parties entered into a stipulation dated January 31, 2017, which was so-ordered by the Supreme Court, transferring the action to the binding summary jury trial part. The stipulation also contained a "high-low" agreement.
On March 7, 2017, the plaintiff's new counsel sent a stop work letter and consent to change attorneys to the plaintiff's prior counsel. On April 7, 2017, the plaintiff moved by order to show cause, inter alia, to vacate the stipulation, contending that the plaintiff did not authorize her prior counsel to enter into the stipulation. The Supreme Court granted that branch of the motion which was to vacate the stipulation. The defendant appeals.
The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to vacate the stipulation. The stipulation, signed by counsel for each party in this action during a court appearance, is a binding contract (see CPLR 2104; Daibes v Kahn, 116 AD3d 994, 995; Cervera v Bressler, 85 AD3d 839, 841; Kirkland v Fayne, 78 AD3d 660, 660; Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc., 37 AD3d 706; Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447). Contrary to the plaintiff's contention, her counsel at the time of the stipulation had the apparent authority to enter into the stipulation. This prior counsel signed and verified the summons and complaint, appeared for the plaintiff at the preliminary conference and the compliance conference, and filed a note of issue, all before entering into the stipulation on the plaintiff's behalf. The presence of an attorney at pretrial conferences constitutes "an implied representation by [the client] to defendants that [the attorney] had authority" to bind the [*2]client to a stipulation (Hallock v State of New York, 64 NY2d 224, 231-232). Indeed, only attorneys who are authorized to enter into binding stipulations may appear at pretrial conferences (see 22 NYCRR 202.26[e]; cf. 22 NYCRR 202.12[b]). Here, the plaintiff's engagement of her prior counsel to represent her throughout the litigation and to appear on her behalf at pretrial and compliance conferences precludes her from arguing that prior counsel lacked the authority to bind her to the stipulation. "A stipulation made by the attorney may bind a client even where it exceeds the attorney's actual authority if the attorney had apparent authority to enter into the stipulation" (Davidson v Metropolitan Tr. Auth., 44 AD3d 819, 819, citing Hallock v State of New York, 64 NY2d at 231).
Thus, only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation (see Hallock v State of New York, 64 NY2d at 230). It was the plaintiff, as the party seeking to set aside the stipulation, who had the burden of showing that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable (see Cervera v Bressler, 85 AD3d at 841). The plaintiff failed to present any such evidence in this case (see Kirkland v Fayne, 78 AD3d at 660; Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc., 37 AD3d at 706).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was to vacate the stipulation.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court