Sparakis v Gozzer Corp. (2019 NY Slip Op 08590)





Sparakis v Gozzer Corp.


2019 NY Slip Op 08590


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-02336
 (Index No. 712508/15)

[*1]Nikolaos Sparakis, et al., respondents, 
v
Gozzer Corporation, et al., appellants.


Rich Michaelson Magaliff, LLP, New York, NY (Howard P. Magaliff of counsel), for appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Joseph J. Cooke of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered January 18, 2018. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the answer and counterclaims insofar as asserted on behalf of the defendant Aktor Corporation.
ORDERED that the appeals by the defendants Theodore Papakonstadinou and Gozzer Corporation are dismissed, as those defendants are not aggrieved by the order insofar as appealed from (see CPLR 5511; Daibes v Kahn, 116 AD3d 994), and it is further,
ORDERED that the order is affirmed insofar as reviewed, and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In December 2015, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract. The plaintiffs subsequently served an amended complaint, and issue was joined in June 2016. In July 2016, the plaintiffs served the defendants with a request for production of documents. The defendants did not respond to this demand within 20 days. On August 29, 2016, the parties appeared for a preliminary conference, and a preliminary conference order was issued, inter alia, directing the defendants to respond to the plaintiffs' discovery demand by a date certain. The defendants had not yet responded to the plaintiffs' discovery demand when the parties appeared for a compliance conference on March 7, 2017. In a compliance conference order dated March 7, 2017, the Supreme Court directed the defendants to respond to the plaintiffs' discovery demand within 20 days. The defendants failed to respond by the deadline set forth in the compliance conference order. Thereafter, pursuant to a stipulation dated May 18, 2017, the defendants acknowledged that they failed to comply with the court-ordered disclosure set forth in the preliminary conference order and the compliance conference order, and agreed to produce the documents requested in the plaintiffs' discovery demand by May 31, 2017. The stipulation further provided that in the event the defendants failed to produce the responsive documents by that date, the plaintiffs were permitted to move, without prior court approval, to strike the defendants' answer [*2]and counterclaims and for leave to enter a default judgment.
On June 12, 2017, the plaintiffs moved pursuant to CPLR 3126 to strike the defendants' answer and counterclaims and for leave to enter a default judgment against them. According to the plaintiffs, the defendants' document production was incomplete because none of the documents requested from the defendant Aktor Corporation (hereinafter Aktor) were produced. In an affirmation in opposition, the defendants' then counsel indicated that the documents requested from Aktor were "inadvertently omitted" from the defendants' production and that Aktor was "in the process of collecting" responsive documents. The record demonstrates that, after the plaintiffs' motion was fully submitted, the defendants retained new counsel, who submitted an affirmation in further opposition to the plaintiffs' motion, indicating that the defendants had produced certain limited documents from Aktor. In response, the plaintiffs' counsel asserted that the defendants' belated document production was incomplete. By order entered January 18, 2018, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was to strike the answer and counterclaims insofar as asserted on behalf of Aktor. The defendants appeal.
" The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court'" (Lucas v Stam, 147 AD3d 921, 925, quoting Lazar, Sanders, Thaler & Assoc., LLP v Lazer, 131 AD3d 1133, 1133; see Pastore v Utilimaster Corp., 165 AD3d 685, 686; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601). "Although actions should be resolved on the merits where possible, a court may strike the answer of a defendant for failure to comply with court-ordered discovery where there is a clear showing that the noncompliance is willful and contumacious" (Rawlings v Gillert, 78 AD3d 806, 807; see CPLR 3126[3]; Studer v Newpointe Estates Condominium, 152 AD3d 555, 557; Mears v Long, 149 AD3d 823, 823; Roug Kang Wang v Chien-Tsang Lin, 94 AD3d 850, 852). Here, Aktor's willful and contumacious conduct can be inferred from its repeated failure to timely and fully respond to the plaintiffs' discovery demand, and the absence of an adequate explanation for its failure to comply with the deadlines set forth in the preliminary conference order, the compliance conference order, and the parties' stipulation (see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601; Lucas v Stam, 147 AD3d at 925; Lazar, Sanders, Thaler & Assoc., LLP v Lazer, 131 AD3d at 1134).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was to strike the answer and counterclaims insofar as asserted on behalf of Aktor.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court