Krobath v South Nassau Communities Hosp. (2019 NY Slip Op 08839)





Krobath v South Nassau Communities Hosp.


2019 NY Slip Op 08839


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-12641
 (Index No. 602113/15)

[*1]Eric Krobath, etc., respondent, 
v
South Nassau Communities Hospital, etc., appellant, et al., defendants.


Garfunkel Wild, P.C., Great Neck, NY (Roy W. Breitenbach and Samantha N. Tomey of counsel), for appellant.
Giskan Solotaroff & Anderson LLP, New York, NY (Oren S. Giskan and Aliaksandra Ramanenka of counsel), for respondent.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of General Business Law § 349 and for related declaratory relief, the defendant South Nassau Communities Hospital appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered October 12, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was for leave to renew its opposition to the plaintiff's motion pursuant to CPLR article 9 for class action certification, which had been granted in an order of the same court entered December 12, 2016.
ORDERED that the order entered October 12, 2017, is affirmed insofar as appealed from, with costs.
The underlying facts of this case are set out more fully in Krobath v South Nassau Communities Hosp. (___ AD3d ___ [Appellate Division Docket No. 2017-00630; decided herewith]. Following the Supreme Court's granting of the plaintiff's motion pursuant to CPLR article 9 for class action certification, the defendant South Nassau Communities Hospital (hereinafter the hospital) moved, inter alia, for leave to renew its opposition to that motion. The court denied that branch of the hospital's motion, and the hospital appeals.
Pursuant to CPLR 2221(e)(2) and (3), a motion for leave to renew, inter alia, "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion." A motion for leave to renew is not a second chance freely given to a party who has not exercised due diligence in making its first factual presentation (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 665; Okumus v Living Room Steak House, Inc., 112 AD3d 799, 800).
Here, the hospital did not provide a reasonable justification for its failure to present the additional facts at the time the plaintiff's prior motion was made (see U.S. Bank N.A. v Ahmed, 174 AD3d at 665; Okumus v Living Room Steak House, Inc., 112 AD3d at 800). Accordingly, the Supreme Court providently exercised its discretion in denying the branch of the hospital's motion [*2]which was for leave to renew its opposition to the plaintiff's prior motion for class action certification.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court