Bernstein v Frazer (2022 NY Slip Op 07214)

Bernstein v Frazer

2022 NY Slip Op 07214

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-13257
 (Index No. 953/16)

[*1]Benjamin Bernstein, et al., appellants, 
v
David Frazer, et al., respondents.

Berliner & Pilson, Great Neck, NY (Richard J. Pilson of counsel), for appellants.
David Frazer, New York, NY, respondent pro se and for respondent Alice Soloway.

DECISION & ORDER
In an action for injunctive relief and to recover damages for trespass and private nuisance, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Thomas P. Zugibe, J.), dated September 4, 2019. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was to enforce a so-ordered stipulation of settlement dated August 30, 2018.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties, who own neighboring properties, entered into a so-ordered stipulation of settlement in this action, which, according to the stipulation, sought relief "related to artificial drainage being diverted from Defendants' Property to Plaintiffs' Property." Subsequently, the plaintiffs moved, inter alia, to enforce the stipulation, which provided, among other things, that the defendants would "discontinue use of [an] underground drainage pipe, which originates on Defendants' Property and traverses onto Plaintiffs' Property." In an order dated September 4, 2019, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion, and the plaintiffs appeal.
A stipulation of settlement is a contract between the parties thereto and, as such, is subject to principles of contract interpretation (see O'Brien v O'Brien, 115 AD3d 720, 723; Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447). When interpreting a contract, a court must read the document as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language used so that the parties' reasonable expectations are realized (see O'Brien v O'Brien, 115 AD3d at 723; Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d at 447; Petracca v Petracca, 302 AD2d 576, 576-577).
Here, reading the stipulation as a whole and giving a practical interpretation to the language used therein, we agree with the defendants that they have complied with their obligations thereunder, including the requirement that they redirect the flow of drainage away from the plaintiffs' property. Contrary to the plaintiffs' contention, nothing in the stipulation may be reasonably viewed as requiring the defendants to regrade their property so as to restore it to its alleged original state or to otherwise require the defendants to control the flow of runoff from their property toward the plaintiffs' property. Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was to enforce the stipulation.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court