Yong Hong Xie v Lan Chen (2026 NY Slip Op 01818)

Yong Hong Xie v Lan Chen

2026 NY Slip Op 01818

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-08158
 (Index No. 720003/19)

[*1]Yong Hong Xie, respondent, 
vLan Chen, et al., appellants, et al., defendant.

Tarter Krinsky & Drogin LLP, New York, NY (David N. Kleinmann, Deanna M. Wolf, and Joel Rosner of counsel), for appellants.
Hodgson Russ LLP, New York, NY (Matthew K. Parker and Joseph P. Goldberg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants Lan Chen and Kun Yi Kay Zeng appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated August 30, 2022. The order denied those defendants' motion pursuant to CPLR 3103(a) for a protective order barring disclosure of their personal tax returns.
ORDERED that the order is affirmed, with costs.
In November 2019, the plaintiff commenced this action against the defendants Lan Chen and Kun Yi Kay Zeng (hereinafter the defendants) and another defendant. Thereafter, the plaintiff moved to compel the production of certain documents. In a so-ordered stipulation dated December 22, 2021, which was signed by the parties' attorneys, the defendants agreed that on or before January 31, 2022, they would produce copies of, inter alia, federal and state tax returns filed by or on behalf of the defendants for the tax years 2012 through the present. In March 2022, the defendants moved pursuant to CPLR 3103(a) for a protective order barring disclosure of their personal tax returns. In an order dated August 30, 2022, the Supreme Court denied the motion. The defendants appeal.
The Supreme Court properly denied the defendants' motion pursuant to CPLR 3103(a) for a protective order barring disclosure of their personal tax returns. "A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them" (Aivaliotis v Cont. Broker-Dealer Corp., 30 AD3d 446, 447; see CPLR 2104; Gounder v Melrose Credit Union, 241 AD3d 882). "Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce" (Matter of New York, Lackawanna & W. R.R. Co., 98 NY 447, 453; see Bruzzese v Bruzzese, 152 AD3d 563, 565). While a court may relieve a party of the consequences of a stipulation made during litigation where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident (see Hallock v State of New York, 64 NY2d 224, 230; Siltan v City of New York, 300 AD2d 298), here, the defendants failed to demonstrate good cause sufficient to invalidate the so-ordered stipulation (see Okumus v Living Room Steak House, Inc., 112 AD3d [*2]799, 799; Kirkland v Fayne, 78 AD3d 660, 660; Utica Mut. Ins. Co. v Swim Tech Pool Servs., Inc., 37 AD3d 706, 706). The defendants also failed to demonstrate that their former attorney lacked the authority to enter into the so-ordered stipulation on their behalf (see Chae Shin Oh v Jeannot, 160 AD3d 701, 703; Born to Build, LLC v Saleh, 115 AD3d 780, 781; Cooper v Hempstead Gen. Hosp., 2 AD3d 566). Accordingly, the defendants have not demonstrated that the so-ordered stipulation requiring them to produce copies of federal and state tax returns filed by or on behalf of the defendants for the tax years 2012 through the present should not be enforced.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court